LINDSEY DAUGHERTY, Plaintiff, v. PHILLIP H. BLAASE, Defendant-Appellee (Rockford Mutual Insurance Company, Plaintiff-Appellant).

Fourth District   No. 4—89—0239

Opinion filed December 14, 1989.

Gregory C. Ray and Paul G. Prendergast, both of Craig & Craig, of Mattoon, for appellant.

Edward F. Ruberry, Elizabeth A. Pitrof, and Darrell Gerard-Marc Noga, all of Brinton, Bollinger & Ruberry, of Chicago, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiffs, Lindsey Daugherty (Daugherty) and Rockford Mutual Insurance Company (Rockford), appeal the trial court's invalidation of the assignment of a lawsuit from Daugherty to Rockford. Specifically, Daugherty assigned to Rockford any professional negligence claims Daugherty could bring against defendant, Philip Blaase (Blaase), an insurance broker.

We reverse.

Daugherty purchased a public liability insurance policy from Rockford with a $100,000 limit and a $1 million umbrella liability policy. These policies were to provide Daugherty with indemnification for damages for which he was responsible as a result of tort liability to a third person. They were purchased through Blaase. The umbrella liability policy would have indemnified Daugherty for losses of between $500,000 and $1 million. Thus, a $400,000 "coverage gap" existed in Daugherty's insurance protection.

During the period of coverage, Daugherty was involved in an automobile accident with Rose M. Smith (Smith). Smith sued Daugherty for damages arising out of the accident, and Rockford settled the claim. The settlement agreement provided for an up front lump-sum payment of $310,000, with periodic payments of $3,000 (adjusted annually) for the life of Smith. Thus, the settlement exceeded Rockford's $100,000 limit, invading the "coverage gap."

In consideration of Rockford's settlement with Smith beyond Rockford's liability limit, Daugherty assigned to Rockford all professional negligence claims he had against Blaase. Rockford's settlement with Smith took place before any judgment in favor of Smith was entered against Daugherty. When Rockford attempted to litigate the malpractice action, Blaase responded by asserting that the assignment of Daugherty's lawsuit to Rockford was void. The trial court agreed with Blaase and granted summary judgment in his favor.

Rockford appeals that judgment. At issue is (1) whether Daugherty incurred any damages as a result of Blaase's alleged negligence, a prerequisite to the assignment of Daugherty's claim against Blaase to Rockford, and (2) whether an action based on insurance broker malpractice is assignable.

In its order granting summary judgment, the court determined that Daugherty sustained no damages as a result of Blaase's alleged professional negligence. Alternatively, the court reasoned that claims for pecuniary loss resulting from Blaase's alleged professional negligence are not assignable. The court concluded that Daugherty's assignment to Rockford of his malpractice action was void and of no effect.

■ When reviewing the trial court's entry of summary judgment, this court has to determine first whether the trial court correctly ruled that no genuine issue of material fact had been raised. If none was raised, then this court must determine as a matter of law whether summary judgment was correctly entered based on the uncontroverted facts. (*Coomer v. Chicago & North Western Transportation Co.* (1980), 91 Ill. App. 3d 17, 21, 414 N.E.2d 865, 868; *Murphy v. Rochford* (1977), 55 Ill. App. 3d 695, 698, 371 N.E.2d 260, 263.) Rockford does not challenge the court's finding that no genuine issue of material fact was present; instead, Rockford challenges the court's finding that, as a matter of law, the assignment was invalid.

■ Illinois law mandates that an assignor actually or potentially possess the entity to be assigned. (*Town & Country Bank v. Country Mutual Insurance Co.* (1984), 121 Ill. App. 3d 216, 218, 459 N.E.2d 639, 640, citing *North Chicago Street R.R. Co. v. Ackley* (1897), 171 Ill. 100, 49 N.E. 222.) Daugherty argues that before he assigned his action to Rockford, he was potentially exposed in the form of the Smith lawsuit to a pecuniary loss due to Blaase's negligence. As a result, Daugherty asserts that the assignment of the professional negligence claims against Blaase was valid.

No Illinois case has ever addressed this issue. However, a recent seventh circuit diversity case does shed some light. In *Hartford Casualty Insurance Co. v. Argonaut-Midwest Insurance Co.* (7th Cir. 1988), 854 F.2d 279, a patient at Northwest Hospital in Chicago, Mrs. Tannebaum, sued the hospital, two physicians, and a nurse for medical malpractice. The hospital's insurer, Argonaut-Midwest Insurance Company, refused to defend one of the physicians, Dr. Rosenberg, claiming that he was not an employee of the hospital. As a result, Dr. Rosenberg's personal insurer, Hartford Casualty, agreed to defend him in the malpractice action.

At trial, the defendants were found jointly and severally liable for $9 million. Dr. Rosenberg was covered for only $1 million under his Hartford policy. Hartford agreed not only to pay Mrs. Tannebaum $1 million on behalf of Dr. Rosenberg, but also to contribute another $1 million to a settlement of the judgment for $8 million. In return,

Hartford received an assignment of Dr. Rosenberg's claim against Argonaut-Midwest.

When Hartford attempted to collect $1 million from Argonaut-Midwest (after it belatedly conceded that Dr. Rosenberg was covered by the policy it issued to Northwest Hospital), the Federal district court granted summary judgment in favor of Argonaut-Midwest (see *Hartford Casualty Insurance Co. v. Argonaut-Midwest Insurance Co.* (N.D. Ill. 1987), 664 F. Supp. 373) on the ground that Dr. Rosenberg's assignment to Hartford was against the public policy of Illinois. Hartford appealed.

The seventh circuit reversed and held that Dr. Rosenberg's assignment to Hartford of his claim against Argonaut-Midwest was appropriate under Illinois law. The court's opinion reveals that the court believed only two arguments merited discussion. Whether Dr. Rosenberg suffered a potential pecuniary loss was not among them. *Hartford*, 854 F.2d at 281.

We acknowledge that the *Hartford* case is factually distinguishable in two respects from the present case. First, Dr. Rosenberg's claim against Argonaut-Midwest was not based on professional malpractice, but instead was based upon that insurance company's refusal to defend and to indemnify Dr. Rosenberg. Second, the underlying malpractice case against Dr. Rosenberg was settled only after judgment was entered against him and in favor of Mrs. Tannebaum; not before, as is true in the present case.

In its reasoning in *Hartford*, the seventh circuit cited the presumption in favor of enforcing contracts. The court further noted the mutual advantages of the assignment and commended the insurance company's willingness to settle a claim when it was not obligated to do so. Last, the court determined that Illinois courts have preferred suits between insurance companies as opposed to those initiated by insureds. *Hartford*, 854 F.2d at 281-83.

Three out-of-State decisions similarly concern assignments made after a judgment was levied against the assignor. (*Lowry v. Black Hills Agency, Inc.* (8th Cir. 1975), 509 F.2d 1311; *Troost v. Estate of DeBoer* (1984), 155 Cal. App. 3d 289, 202 Cal. Rptr. 47; *Fleming v. Torrey* (S.D. 1978), 273 N.W.2d 169.) Again, however, these cases fail to address whether a potential pecuniary loss was threatened. Like *Hartford*, they also do not address whether the assignment was valid.

We hold that an insured may assign a cause of action to an insurance company in consideration of the insurance company's settlement before judgment of a claim against the insured. In the ab-

sence of fraud or bad faith, a claim assigned prior to judgment constitutes a sufficient potential claim to make the assignment valid. We believe that permitting assignments between an insured and an insurance company both encourages the early settlement of lawsuits and relieves our overburdened court system. Accordingly, Daugherty's assignment to Rockford does not fail because a judgment had not been entered against Daugherty prior to the assignment.

The second issue in this case is whether claims based on the alleged professional negligence of an insurance broker are assignable. No Illinois court has resolved this question. Three out-of-State courts have dealt with insurance agent malpractice cases without directly deciding the validity of this cause of action. *Lowry v. Black Hills Agency, Inc.* (8th Cir. 1975), 509 F.2d 1311; *Troost v. Estate of De-Boer* (1984), 155 Cal. App. 3d 289, 202 Cal. Rptr. 47; *Fleming v. Torrey* (S.D. 1978), 273 N.W.2d 169.

Defendant maintains that the trial court acted properly in viewing the malpractice claim at issue as similar to a legal malpractice claim, which is nonassignable due to its personal nature. Plaintiffs disagree and contend that the relationship between an insurance broker and the insurance broker's client is far less personal than that between an attorney and the attorney's client.

Illinois courts have outlined several considerations which render legal malpractice claims unassignable. (*Clement v. Prestwich* (1983), 114 Ill. App. 3d 479, 481, 448 N.E.2d 1039, 1041; *Christison v. Jones* (1980), 83 Ill. App. 3d 334, 339, 405 N.E.2d 8, 11.) The most important of these considerations are the confidentiality of the lawyer-client relationship, the personal nature of the relationship, the potential degradation of the legal profession, and the potential flood of litigation.

None of these considerations, however, is relevant to an action for insurance agent malpractice. No authority recognizes the confidentiality of the broker-insured relationship. Furthermore, an insurance broker shares a business relationship with his client, not a "personal" one. We believe the insurance industry will not be debased by this type of lawsuit. Instead, the public will benefit from the opportunity to redress "coverage gap" errors. Finally, we view the concern about a potential flood of litigation as groundless. Accordingly, we conclude that insurance broker malpractice claims are assignable and, thus, Daugherty's assignment to Rockford of his claim against Blaase was valid.

For the reasons stated, the judgment of the circuit court is re-

versed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SPITZ and McCULLOUGH, JJ., concur.