ROCKFORD MUTUAL INSURANCE COMPANY, Plaintiff-Appellant, v. PHILIP H. BLAASE *et al.*, Defendants (International Surplus Lines Insurance Company *et al.*, Defendants-Appellees).

Fourth District   No. 4—92—0849

Argued June 17, 1993.—Opinion filed June 29, 1993.

Gregory C. Ray (argued) and R. Kevin Belt, both of Craig & Craig, of Mattoon, for appellant.

D. Kendall Griffith (argued), Kevin R. Sido, and Robert C. Heist, all of Hinshaw & Culbertson, of Chicago, for appellees International Surplus Lines Insurance Company and International Insurance Company.

Hugh C. Griffin and Diane I. Jennings, both of Lord, Bissell & Brook, of Chicago, for appellee Evanston Insurance Company.

Edward F. Ruberry, Jeffrey A. Goldwater, George J. Manos, and Kelly A. Giampa, all of Bollinger, Ruberry & Garvey, of Chicago, for Philip H. Blaase.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Rockford Mutual Insurance Company appeals orders of the circuit court of Douglas County dismissing the causes against defendants International Surplus Lines Insurance Company and International Insurance Company and granting summary judgment to defendant Evanston Insurance Company. Plaintiff also appealed the dismissal as to defendant Philip H. Blaase, based on the failure to file the action within the applicable statute of limitations, but plaintiff and Blaase have now settled and issues relating to that order no longer pend in this court. Defendants Shand Morahan and Company, Inc., and Crum & Forster Managers Corporation, as successor corporation of L.W. Biegler, Inc., were dismissed from this lawsuit and are not parties to this appeal.

The issue raised on appeal is whether the filing of this action in the circuit court of Douglas County was not proper under section 13—217 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 13—217). We affirm.

Blaase, an insurance broker, sold a Rockford Mutual public liability insurance policy to Lindsey Daugherty. The policy had a $100,000 limit. Also sold to Daugherty was a $1 million umbrella liability policy. These policies were to provide Daugherty with indemnification for damages for which he was responsible as a result of tort liability to third persons. However, the umbrella policy required underlying coverage of $500,000, thereby leaving a $400,000 "coverage gap." The public liability policy was issued to Daugherty on July 10, 1979. The umbrella policy was issued on June 29, 1980.

On April 22, 1982, during the period of coverage, an automobile driven by Rose M. Smith was involved in a collision with a tractor operated by Daugherty's employee, Richard Hostetler. Smith sued to recover damages for her personal injuries. The settlement agreement between Smith and Daugherty provided for an up-front lump-sum payment of

$310,000, with periodic payments of $3,000 (adjusted annually) for the life of Smith. As a result, the settlement exceeded plaintiff's $100,000 limit and invaded the coverage gap.

Daugherty assigned to plaintiff his professional negligence claim against Blaase and suit was brought in the circuit court of Douglas County (Douglas County case No. 84—L—141). Although the trial court in that case invalidated the assignment of the lawsuit, this court, in an opinion filed December 14, 1989, reversed the trial court's decision and remanded the cause for further proceedings. *Daugherty v. Blaase* (1989), 191 Ill. App. 3d 496, 548 N.E.2d 130.

In a separate action filed on December 4, 1985, in Douglas County (Douglas County case No. 85—L—39) plaintiff sued the defendants involved in this case. Blaase was sued in a breach of contract action and the other defendants were sued with regard to their breach of duty to plaintiff. International Insurance provided director and officer (D&O) coverage to plaintiff from June 25, 1979, through June 25, 1982. International Surplus Lines provided errors and omissions (E&O) coverage to plaintiff from July 23, 1981, through July 23, 1984. Evanston Insurance provided plaintiff with E&O and D&O coverages in a combined policy with a term which ran from June 25, 1982, through June 25, 1985.

On February 20, 1986, and October 21, 1988, orders were entered in the circuit court of Douglas County based on plaintiff's voluntary dismissal of all counts in case No. 85—L—39 pursuant to section 2—1009 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). The statute of limitations not having expired, plaintiff refiled the case in the circuit court of Cook County on February 27, 1990 (Cook County case No. 89—CH—6753). However, on the motion of Blaase, the circuit court of Cook County dismissed the entire action pursuant to section 2—619(a)(3) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(3)). This order was entered on May 8, 1990, and stated that the dismissal was "without prejudice."

Section 2—619(a)(3) of the Code provides that a cause of action may be involuntarily dismissed if "there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(3).) Since Douglas County case No. 84—L—141 was still pending, the trial court dismissed Cook County case No. 89—CH—6753. The record does not disclose that an appeal was ever taken from the dismissal of case No. 89—CH—6753. Indeed, the determination that the cases involved the same parties and the same cause is not challenged in this appeal.

On May 6, 1991, plaintiff filed the instant lawsuit in the circuit court of Douglas County (Douglas County case No. 91—L—11). Plaintiff

claims that this case was a refiling of Douglas County case No. 85—L—39 and Cook County case No. 89—CH—6753. As to the insurance company defendants in this case, the trial court dismissed International Surplus Lines and International Insurance and granted summary judgment to Evanston Insurance, ruling that the filing of Douglas County case No. 91—L—11 was an impermissible second filing pursuant to section 13—217 of the Code under the rationale of *Flesner v. Youngs Development Co.* (1991), 145 Ill. 2d 252, 255, 582 N.E.2d 720, 721. *Flesner* held that a case cannot be reinstated a second time pursuant to section 13—217 of the Code even though the statute of limitations had not yet expired.

■ The issue raised in this court concerns the propriety of a trial court's reasoning with regard to the appropriateness of plaintiff filing Douglas County case No. 91—L—11. Plaintiff argues that a dismissal pursuant to section 2—619(a)(3) of the Code is not a ground listed in section 13—217, and therefore this case does not involve an impermissible double filing under the *Flesner* rationale. We disagree with plaintiff. *Flesner* directs that a plaintiff has only one opportunity to refile. If the refiled case is involuntarily dismissed by the trial court, plaintiff is not entitled to a second opportunity to refile the action.

Plaintiff's argument that the fact that the order of dismissal in Cook County case No. 89—CH—6753 was "without prejudice" permits the filing of Douglas County case No. 91—L—11 is illogical. The question to be answered is, "Without prejudice to do what?" Since Cook County case No. 89—CH—6753 was dismissed because another action was already pending, the order cannot logically be construed as authorizing the filing of yet another separate action between the same parties for the same cause.

Had plaintiff taken a direct appeal from the order of the circuit court of Cook County, plaintiff could argue that the court should not have dismissed as to all the defendants or that the proper ruling was to transfer Cook County case No. 89—CH—6753 to the circuit court of Douglas County for consolidation with Douglas County case No. 84—L—141. However, no direct appeal was taken and the propriety of the ruling of the circuit court of Cook County is not at issue in this appeal.

Accordingly, the judgment of the circuit court of Douglas County in case No. 91—L—11 is affirmed.

Affirmed.

STEIGMANN, P.J., and GREEN, J., concur.