BARRY SCHRAGER, Plaintiff-Appellee, v. JEFFREY GROSSMAN *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—98—3520

Opinion filed November 13, 2000.—Rehearings denied March 7, 2001, and June 7, 2001.

William J. Harte, Edward L. Foote, of Winston & Strawn, Fred Foreman and David V. Goodsir, both of Freeborn & Peters, and Harry A. Young, Jr., of Young, Rosen, Dolgin & Finkel, Ltd., all of Chicago, for appellants.

David A. Novoselsky and Linda A. Bryceland, both of David A. Novoselsky & Associates, of Chicago, for appellee.

JUSTICE TULLY delivered the opinion of the court:

Defendants appeal from the circuit court's denial of their motion to dismiss plaintiff's complaint as violative of Illinois' single-refiling rule (735 ILCS 5/13—217 (West 1998)), as well as the principles of *res judicata* and collateral estoppel.

For the reasons that follow, we reverse.

### First Filing

In April 1995, plaintiff filed a complaint in the United States District Court for the Northern District of Illinois naming as defendants Jeffrey Grossman, Donald Grauer, Barbara Lux, Midwestern Financial Consultants, Ltd., Quinlan & Tyson Realty Partners Ltd., and Highland Park Corporation (hereinafter referred to as Case I). The complaint alleged civil Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1964 (1994)) violations as well as several state common law claims including fraud, conspiracy, and breach of fiduciary relationships.

Plaintiff subsequently filed first and second amended complaints. The second amended complaint named as additional defendants the Kimberly Anne Grossman Trust, the Trina Elyse Grossman Trust, the Kimberly Anne Grossman Subchapter S Trust, Trina Elyse Grossman Subchapter S Trust, Allen Engerman, Michael Mandell, Bette Grossman, Eagle Partners, Ltd., 2780 Ridge Corporation, 1255 Building Corporation, Churchill Capital, Ltd., ENP II, ENP II, Ltd., Churchill Venture One, Ltd., Magnolia Homes Corporation, Magnolia Estates Corporation, Oxford Funding Group, Ltd., Churchill Venture, Ltd., and Executive Travel. The second amended complaint contained counts alleging mail and wire fraud, RICO, unjust enrichment and accounting, and common law fraud.

On March 12, 1997, a dispositive order was entered that stated, "plaintiff voluntarily dismisses with prejudice the claims brought under RICO. The remaining claims are dismissed without prejudice with leave to re-file them in the state court."

## Second Filing

In March 1996, while Case I remained pending, plaintiff filed a complaint in the circuit court of Lake County, Illinois, against defendants Eagle Partners, Riverwoods Partnership, 2780 Ridge Corporation, Bette Grossman, as trustee of the Trina Elyse Grossman Family Trust and as trustee of the Kimberly Anne Grossman Family Trust, Donald Grauer, Jeffrey Grossman, Larry Kanar, and American National Bank and Trust Company of Chicago (hereinafter referred to as Case II). The complaint sought to enjoin the sale of certain real estate and a declaration nullifying the loan guarantee because the signature purporting to be plaintiff's was, in fact, a forgery.

On January 10, 1997, plaintiff amended his complaint setting forth allegations of common law fraud, conspiracy, use of the mails and interstate wires in furtherance of a scheme and artifice to defraud, breaches of fiduciary relationships, and for an accounting. The claims set forth in the original complaint were completely absent from the amended complaint.

On February 5, 1997, the defendants removed the matter to the federal District Court for the Northern District of Illinois. The case was dismissed on February 13, 1997, as duplicative of Case I. Specifically, the order stated: "The court grants defendants' motion to dismiss and dismisses plaintiff's cause of action before this court as duplicative of the cause of action pending before Judge Marovich in case No. 95 C 2214. The court denies defendants' motion to consolidate as moot."

## Third Filing

On April 2, 1996, plaintiff filed a complaint against defendants ENP II, Ltd., Donald Grauer and Jeffrey Grossman in the circuit court of Cook County (hereinafter referred to as Case III). Count I alleged breach of a promissory note against ENP II, Ltd., and count II alleged breach of promise to guarantee the note by defendants Grossman and Grauer. The promissory note was executed by ENP, II., Ltd., on July 10, 1995 in the amount of $271,667. Defendants filed a motion to dismiss contending the facts alleged in this case arose from the same core of operative facts as Case I pending in federal court. Plaintiff's motion for a voluntary dismissal was granted on October 10, 1996, prior to the court ruling on defendants' motion to dismiss.

## Fourth Filing

On March 27, 1997, plaintiff filed yet another complaint in the circuit court of Cook County, which is the subject of the instant appeal (hereinafter referred to as Case IV). The complaint named the same defendants as were named in the second amended complaint in Case I and stated causes of action for tortious conspiracy to commit fraud, unjust enrichment and accounting, fraud, negligence, and punitive damages.

On June 26, 1997, defendants filed a motion to dismiss pursuant to sections 2—619(a)(4) and (a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(4), (a)(9) (West 1998)) arguing the claims were barred by Illinois' single-refiling rule (735 ILCS 5/13—217 (West 1998)) and the doctrines of *res judicata* and collateral estoppel. The court originally granted defendants' motion and dismissed plaintiff's complaint on November 17, 1997. However, upon entertaining plaintiff's motion to reconsider, the court reversed itself and entered an order denying defendants' motion to dismiss.

In its memorandum opinion, the circuit court reasoned that Case II was "not a new action because no judgment was entered and the Marovich action [Case I] was not dismissed for lack of jurisdiction or improper venue at that time." Further, the court determined that although the single-refiling statute does not define what a new action is, "logic dictates that a new action is a re-filing of an action that was dismissed for lack of jurisdiction or improper venue or one that resulted in a judgment. *** This case [Case IV] is the first re-filing after both the dismissal by Judge Alesia in federal court and the voluntary dismissal and dismissal by Judge Marovich. Therefore, the pending case [Case IV] is not an impermissible second re-filing."

Defendants filed a timely motion for certification pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)) of the following two questions:

1. Did the trial court err in declining to grant defendants' motion to dismiss based on a violation of the "one refiling rule"?

2. Did the trial court err in refusing to dismiss the complaint based on the principles of *res judicata* and collateral estoppel?

This court granted defendants' application for leave to appeal on December 8, 1998.

## ANALYSIS

### I

■ Section 13—217 of the Code of Civil Procedure is a saving provision which allows plaintiffs to refile a cause of action if its prior disposition was based on the reasons outlined in the statute. 735 ILCS 5/13—217 (West 1998); *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 162 (1997). Its purpose is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits. *Gendek v. Jehangir*, 119 Ill. 2d 338, 343 (1988). Section 13—217 provides in pertinent part:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by the United States District court for improper venue." 735 ILCS 5/13— 217 (West 1998).

Section 13—217 allows a plaintiff to refile a cause of action within one year of its dismissal or the remaining period of limitations, whichever is greater. *Gendek v. Jehangir*, 119 Ill. 2d 338, 340 (1988). However, our supreme court has interpreted section 13—217 as permitting only *one* additional filing of a claim, even where the applicable statute of limitations has not yet expired. *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 254 (1991); *Timberlake v. Illinois Hospital*, 175 Ill. 2d at 163.

On appeal, defendants argue that plaintiff's Case IV is barred by the mandates of section 13—217 as it constitutes a refiling of Cases I, II and III. Conversely, plaintiff maintains Case II should not be considered a second filing because it was commenced during the pendency and not following the dismissal of Case I and therefore cannot be properly characterized as a "refiling" of Case I. As to Case III,

plaintiff argues it was a completely different action than Cases I, II and IV and therefore not a relevant factor in determining the applicability of section 13—217.

█ We first consider whether Case II constitutes a "new action" or "refiling" for purposes of section 13—217. This court has held the filing of a complaint is considered a "refiling" of a previously filed complaint if it contains the same cause of action as defined by *res judicata* principles. *D'Last Corp. v. Ugent*, 288 Ill. App. 3d 216, 220 (1997). Separate claims are considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 310-11 (1998).

In the instant case, the trial court acknowledged and the parties did not dispute that the claims set forth in Cases I, II and IV arose out of the same core of operative facts. Yet the trial court concluded Case II was not a "new action" because it was dismissed prior to the dismissal of Case I and there had been no adjudication of the merits of either Case I or II at the time Case IV was filed. Thus, the trial court's decision hinged upon the timing and character of the dismissal of both cases. We believe such a narrow interpretation of the boundaries of section 13—217 is contrary to the case law as well as the spirit of the statute.

A nearly identical argument was advanced and rejected in *Rockford Mutual Insurance Co. v. Blaase*, 246 Ill. App. 3d 498 (1993). In that case, Rockford filed a suit sounding in negligence against defendants in the circuit court of Douglas County. The following year, Rockford filed a second claim against defendants in the circuit court of Douglas County alleging breach of contract and breach of fiduciary duty. This second claim was subsequently voluntarily dismissed pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009 (now 735 ILCS 5/2—1009 (West 1998))). In 1990, Rockford filed a third claim against defendants; this time in the chancery division of the circuit court of Cook County. On the motion of defendant, the trial court dismissed plaintiff's claim as duplicative of the first filed case still pending in Douglas County. Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(3) (now 735 ILCS 5/2—619(a)(3) (West 1998)). In 1991, Rockford filed yet another case against defendants in the circuit court of Douglas County. The trial court dismissed the case, holding it was an impermissible second refiling pursuant to section 13—217 under the rationale of *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252 (1991).

On appeal in *Rockford Mutual*, the plaintiff argued that a dismissal pursuant to section 2—619(a)(3) of the Code of Civil Procedure was not a ground listed in section 13—217 and therefore did not pro-

hibit a refiling under that section. This court rejected plaintiff's argument and held that *"Flesner* directs that a plaintiff has only one opportunity to refile. If the refiled case is involuntarily dismissed by the trial court, plaintiff is not entitled to a second opportunity to refile the action." *Rockford Mutual*, 246 Ill. App. 3d at 501.

In its memorandum opinion, the trial court in this case distinguished *Rockford*. Specifically, it stated:

> "Although the Cook County Circuit Court's dismissal pursuant to 2—619(a)(3) in *Rockford Mutual* is similar to Judge Alesia's dismissal of Schrager's case in federal district court because of duplicative litigation, *the fact is that there has been no adjudication of any of Schrager's cases*. In other words, in all of the foregoing cases including *Rockford Mutual, the filings at issue occurred after some adjudication by the courts*, whether it was for lack of jurisdiction, involuntary dismissals or voluntary dismissal by the plaintiffs." (Emphasis in original.)

We disagree with the trial court's analysis. Our supreme court in *Timberlake v. Illini Hospital*, 175 Ill. 2d 159 (1997), stated:

> "Under the statute, the reason a cause of action was originally dismissed is important in determining whether a plaintiff can subsequently refile, but after the case has been filed a second time, the reason for the second dismissal is of no consequence at all. No matter why the second dismissal took place, the statute does not give plaintiff the right to refile again. As this court expressly held in *Flesner*, 145 Ill. 2d 252, section 13—217 permits one, and only one, refiling of a claim." *Timberlake v. Illini Hospital*, 175 Ill. 2d at 165.

This issue was also addressed in *Koffski v. Village of North Barrington*, 988 F.2d 41 (7th Cir. 1993). The district court, in analyzing section 13—217, concluded the cause of the previous dismissals was irrelevant as was the order in which they occurred. *Koffski*, 988 F.2d at 44. "To the contrary, the court quite clearly intended to announce a general rule when it stated, '[w]e interpret the language of section 13—217 as providing for one and only one refiling....' " *Koffski*, 988 F.2d at 44, quoting *Flesner*, 145 Ill. 2d at 253.

■ Thus, Case II, arising out of the same core of operative facts, is unquestionably a "new action" as contemplated by section 13—217. Furthermore, the fact that Case II was the second claim filed but the first to be dismissed has no bearing on the determination of whether plaintiff has fully availed himself of the opportunity afforded by the statute to refile. It is clear plaintiff filed two separate, although identical, claims against defendants in two separate forums and both cases were *involuntarily* dismissed. Plaintiff now attempts to secure a third bite of the apple because the first bite turned sour. Unfortunately for plaintiff, the statute prohibits a third bite.

Defendants additionally contend the trial court erred in holding Case III arose from facts unrelated to those giving rise to the filings in Cases I, II and IV. We agree. " 'Although a single group of operative facts may give rise to the assertion of more than one kind of relief or more than one theory of recovery, assertions of different kinds or theories of relief arising out of a single group of operative facts constitute but a single cause of action.' " *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d at 315, quoting *Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill. 2d 484, 490-91 (1993). Applying the test set forth in *River Park*, we believe the claims asserted in Case III arose from the same factual bases as the other three filings[1].

In Case III, plaintiff filed a complaint seeking damages for breach of a promissory note and guaranty with a principal amount of $271,667. Defendants filed a motion to dismiss the complaint pursuant to section 2—619(a)(3) of the Code of Civil Procedure asserting the same claim was included in the complaint in Case I, then pending in federal court.

The salient portion of the complaint in Case I states:

"It was further a part of said scheme and artifice to defraud that the Defendants and co-schemers in or about June, 1993 induced the Plaintiff in reliance upon the false and fraudulent misrepresentations by the Defendants and co-schemers to purchase North American Insurance Company Bonds with a face value of $270,000.00 for Two Hundred Forty-Four Thousand Five Hundred Dollars ($244,500.00) with the assurance of the Defendants and co-schemers that the bonds in fact existed and that the total amount paid by the Plaintiff would be used to purchase said bonds, though no such bonds existed or were purchased."

This exact same paragraph is also contained in the amended complaint in Case II and the complaint in Case IV.

The face of the promissory note included the following paragraph:

*"Mirror of Note.* This note mirrors principal and interest payments of Surplus Notes issued by North American Insurance

---

[1]Plaintiff urges this court to utilize the "same evidence test" to analyze whether Case III is the same claim for purposes of *res judicata*. We decline to do so. Both the "same evidence test" and the "transactional test" were valid prior to the supreme court's decision in *River Park, Inc. v. Highland Park*, 184 Ill. 2d 290, 313 (1998), wherein the supreme court adopted the transactional test *in lieu* of the same evidence test and the trial court seemed to have applied the transactional test in finding that Case III "arose from a substantially different transaction and occurrence." Consequently, we find no prejudice to plaintiff from this court's application of the transactional analysis to the facts of this case.

through its owner, Encore Financial Corp. Said Notes from Encore are being held custodially for ENP for the benefit of its holders."

Additionally, plaintiff himself referred to the promissory note and the existence of the North American bonds as being components of the same transaction. In a discovery deposition taken in Case I, plaintiff stated, "I think I bought notes backed by an equivalent amount of bonds." Defendants' motion argues that the only differences between the complaints in Cases I and III were the claimed theories of recovery. Therefore, defendants maintain Case III was a refiling of Case I for purposes of a section 13—217 analysis.

Conversely, plaintiff argues the bond transaction referred to in Case I and the defaulted note in Case III are completely different causes of action and cites *Torcasso v. Standard Outdoor Sales Inc.*, 157 Ill. 2d 484 (1993), for the proposition that "a cause of action in contract is not the same as a cause of action sounding in fraud." While we do not dispute the validity of this observation, we find it to be a tortured interpretation of the holding in *Torcasso*. In *Torcasso*, the supreme court held that a broker's successful suit to recover a leasing commission on a lease which commenced in October 1995 was not a *res judicata* bar to the sign owner's suit under the same brokerage agreement for breach of that contract and for fraud for the period of time between April 1984 and March 1985 as there was no factual nexus between the allegations in the two suits. In summary, suits involving different theories of relief may constitute the same cause of action. *Torcasso*, 157 Ill. 2d at 490-91; *River Park*, 184 Ill. 2d at 315.

We find the facts in *Torcasso* inapposite to the facts in the instant case. Whether plaintiff believed he bought the bonds or loaned defendants a sum of money on a note that was secured by the bonds is a factual question. The relevant consideration in determining whether the claims are identical for purposes of *res judicata* is whether the parties are the same and both theories of relief arise out of a single core of operative facts. *Torcasso*, 157 Ill. 2d at 490-91; *River Park*, 184 Ill. 2d at 315. Here, the state claim addresses the default on the note whereas the federal claim addresses defendants' fraudulent conduct inducing plaintiff to purchase the note. Clearly, there is one transaction composed of one set of facts which gives rise to both of these claims. Consequently, we hold the trial court erred in concluding that Case III was a separate and distinct cause of action.[2]

Having found a factual nexus between the claims contained in

---

[2]Plaintiff additionally contends defendants waived this entire argument based upon one remark made by defense counsel before the trial court at the hearing on defendants' motion to reconsider. Defense counsel said, "I've got a

Cases I and III, which was voluntarily dismissed prior to the federal court's dismissal of either Case I or II, we necessarily conclude plaintiff is barred from filing yet another case.

Because we have resolved this case based upon the first question alone, we need not address the second question.

In light of the foregoing, we reverse the judgment of the circuit court of Cook County and dismiss plaintiff's complaint.

Reversed.

McNULTY, P.J., and O'MARA FROSSARD, J.,[3] concur.

simple analysis for you. Let's pretend that never happened. [The filing of Case III.] We are willing to set that aside." We reject plaintiff's argument on this point and find it to be a strained construction of the waiver doctrine. Defendants have maintained throughout the entire course of all of this litigation that Case III was a relevant component in determining the applicability of section 13—217 to the final filing.

[3]Justice Rakowski heard oral argument on this case. Upon his retirement, Presiding Justice McNulty was substituted and has reviewed the record, briefs and audio recordings of the oral argument.