# Illinois Official Reports

## Appellate Court

---

### *Pellico v. Mork*, 2018 IL App (2d) 170468

---

| | |
|---|---|
| Appellate Court Caption | GREGORY PELLICO, Individually and as Beneficiary of the Evelyn Pellico and Peter M. Pellico Trusts, Plaintiff-Appellant, v. LORRAINE MORK, Executor of the Estate of Robert Mork, Individually and as Former Du Page County Public Guardian; JENNIFER MARTYN, Individually and as Former Assistant Du Page County Public Guardian; and THE OFFICE OF THE DU PAGE COUNTY PUBLIC GUARDIAN, Defendants (Lorraine Mork, Executor of the Estate of Robert Mork, Individually and as Former Du Page County Public Guardian, Defendant-Appellee). |
| District & No. | Second District<br>Docket No. 2-17-0468 |
| Filed | March 23, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 16-L-445; the Hon. Dorothy French Mallen, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Richard C. Leng, of Law Offices of Richard C. Leng, of Barrington, for appellant.<br><br>Adam C. Kruse, of Walsh, Knippen & Cetina, Chtrd., of Wheaton, for appellee. |

| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion. |
|---|---|
| | Justices Zenoff and Burke concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Gregory Pellico, individually and as beneficiary of the Evelyn Pellico and Peter M. Pellico Trusts, appeals the order of the circuit court of Du Page County dismissing his refiled lawsuit against defendant, Lorraine Mork, the executor of the estate of Robert Mork (Mork), now deceased,[1] the former public guardian of Du Page County. The court dismissed plaintiff's lawsuit as barred under the rule that allows only one refiling, under section 13-217 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 1994)).[2] Plaintiff argues that the court erred by dismissing this case based on section 13-217 because plaintiff's previous refiling occurred while his original case was still pending. Plaintiff also argues that defendant acquiesced to the multiple refilings. For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND
¶ 3                                    A. First Filing
¶ 4    On April 12, 2013, plaintiff filed a complaint against defendant in the circuit court of Du Page County, case No. 13-L-333 (Case I), alleging breach of fiduciary duty in managing a trust and intentional infliction of emotional distress. On May 20, 2015, the complaint was voluntarily dismissed upon plaintiff's motion.

¶ 5                                    B. Second Filing
¶ 6    On January 13, 2014, while Case I was still pending, plaintiff filed a complaint against defendant in the United States District Court for the Northern District of Illinois, case No. 14-CV-226 (Case II). Plaintiff alleged breach of fiduciary duty (failure to manage trusts), negligence (legal malpractice), denial of his civil due process rights, and intentional infliction of emotional distress. The case was stayed pending the resolution of Case I. After Case I was voluntarily dismissed on May 20, 2015, the stay was lifted in Case II. However, on January 28, 2016, the federal court dismissed Case II for lack of federal subject-matter jurisdiction.

¶ 7                                    C. Third Filing
¶ 8    On May 17, 2016, plaintiff filed case No. 16-L-445 (Case III), the complaint at issue here, in the circuit court of Du Page County. On October 31, 2016, plaintiff filed an amended complaint alleging violation of his due process rights, breach of fiduciary duty (failure to

---

[1]Robert I. Mork died on May 29, 2012.

[2]Although section 13-217 of the Code was amended effective March 1995, the public act that enacted that amendment was later held to be unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 378 (1997). The version of section 13-217 currently in effect, therefore, is the version that was in effect prior to the March 1995 amendment. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n.1 (2008).

manage trusts), intentional infliction of emotional distress, and violation of the Probate Act of 1975 (755 ILCS 5/1-1 *et seq.* (West 2016)).

¶ 9 Defendant moved for dismissal pursuant to sections 2-615, 2-619(a)(4), 2-619(a)(9), and 2-619.1 of the Code (735 ILCS 5/2-615, 2-619(a)(4), 2-619(a)(9), 2-619.1 (West 2016)). Defendant argued that, pursuant to section 13-217 of the Code (735 ILCS 5/13-217 (West 1994)), plaintiff's case was barred by the single-refiling rule and should be dismissed under section 2-619(a)(4) and (a)(9) of the Code. Defendant also argued that Mork had absolute quasi-judicial immunity and sovereign immunity and that the case should be dismissed pursuant to section 2-619(a)(9); that, because *res judicata* barred all of plaintiff's counts, the complaint should be dismissed pursuant to section 2-619(a)(4) and (a)(9); and that, because plaintiff failed to state a cause of action for a violation of his due process rights, this count should be dismissed pursuant to section 2-615.

¶ 10 On June 13, 2017, the trial court dismissed plaintiff's complaint with prejudice on the basis that it was barred by the single-filing rule under section 13-217 of the Code. On June 19, 2017, plaintiff filed his notice of appeal.

¶ 11                                         II. ANALYSIS

¶ 12 Plaintiff argues that the trial court erred by dismissing his complaint pursuant to sections 13-217 and 2-619 of the Code.

¶ 13 The purpose of a motion to dismiss under section 2-619 of the Code is to dispose of issues of law and easily proved issues of fact at the outset of litigation. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). A section 2-619 motion to dismiss admits as true all well-pleaded facts in the complaint, together with all reasonable inferences gleaned from those facts. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 18. In ruling on the motion, the trial court will interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 18. A section 2-619 motion presents a question of law, which we review *de novo. Id.*

¶ 14 Section 13-217 provides a plaintiff with the absolute right to refile a complaint within one year or within the remaining limitations period, whichever is greater. *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 163 (1997). Section 13-217 provides in pertinent part:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff, *** or the action is dismissed by a United States District Court for lack of jurisdiction, *** then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff, *** or the action is dismissed by a United States District Court for lack of jurisdiction ***." 735 ILCS 5/13-217 (West 1994).

¶ 15 Although not expressly provided in section 13-217, our supreme court has explained that the statute does not permit multiple refilings of the same action. *Timberlake*, 175 Ill. 2d at 163. Indeed, our supreme court has interpreted section 13-217 as permitting one, and only one, refiling of a claim. *Id.*

¶ 16    The parties do not dispute that Cases I, II, and III are the same action, based on the same operative facts. But plaintiff argues that the trial court erred by dismissing Case III as an improper third filing. Plaintiff contends that Case II does not count as his single refiling under the statute because he filed Case II while Case I was pending, before it was dismissed without prejudice. Consequently, plaintiff argues, after Case II was dismissed for lack of subject-matter jurisdiction, he properly filed Case III. Defendant counters that the trial court correctly ruled that Case III was barred by the single-refiling rule under section 13-217 because the case had been filed and dismissed twice already.

¶ 17    In a similar case, *Schrager v. Grossman*, 321 Ill. App. 3d 750 (2000), the plaintiff filed the first case in April 1995 in the United States District Court for the Northern District of Illinois and that case was voluntarily dismissed in March 1997. *Id.* at 751-52. While the first case was pending, the plaintiff filed the second case in the circuit court of Lake County in March 1996. *Id.* at 752. The second case was removed to the federal court and was then involuntarily dismissed in February 1997. *Id.* In April 1996, the plaintiff filed the third case. *Id.* at 753. In March 1997, the plaintiff filed a fourth case in the circuit court of Cook County. *Id.* The trial court denied the defendants' motion to dismiss based on section 13-217. *Id.* The appellate court held that the trial court erred by denying the defendants' motion and rejected the plaintiff's argument that the second case was not a refiling where it was commenced during the pendency and not following the dismissal of the first case. *Id.* at 754, 756, 759. The appellate court reasoned:

"[T]he fact that [the second case] was the second claim filed but the first to be dismissed has no bearing on the determination of whether plaintiff has fully availed himself of the opportunity afforded by the statute to refile. It is clear plaintiff filed two separate, although identical, claims against defendants in two separate forums and both cases were involuntarily dismissed. Plaintiff now attempts to secure a third bite of the apple because the first bite turned sour. Unfortunately for plaintiff, the statute prohibits a third bite." *Id.* at 756.

¶ 18    Like the plaintiff in *Schrager*, plaintiff here had already used his single opportunity to refile his claim by the time he filed the claim at bar. Plaintiff's Case I was voluntarily dismissed, which is one of the dispositions enumerated in section 13-217. Case II was dismissed by the federal court for lack of jurisdiction, which is another disposition enumerated in section 13-217. Thus, plaintiff had already used his single opportunity to refile his claim by the time he filed Case III. Plaintiff cannot evade the one-refiling rule by noting that he filed Case II while Case I was pending. See *id.*

¶ 19    Plaintiff also argues that defendant acquiesced to his filing of Case III and to the filing of Case II while Case I was pending. Plaintiff contends that, after he filed Case II in the federal court, defendant thwarted his attempt to seek the voluntary dismissal of Case I. Plaintiff argues that defendant could have moved to dismiss Case I or Case II on the basis that the same cause was pending in another court.

¶ 20    The rule of acquiescence or invited error is a form of procedural default also described as estoppel. *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 33. The rule prohibits a party from requesting to proceed in one manner and then arguing on appeal that the requested action was error. *Id.* The rationale for the rule is that it would be manifestly unfair to grant a party relief based on an error that the party introduced into the proceedings. *Id.*

¶ 21     Plaintiff's argument that defendant acquiesced to his multiple refilings of his claim is unsupported by the record. Defendant moved to dismiss Case I, moved to stay Case II pending the resolution of Case I, and moved to dismiss Case III. In addition, plaintiff moved to voluntarily dismiss Case I, Case II was dismissed for lack of federal subject-matter jurisdiction, and defendant argued in open court, before Case I was dismissed, that plaintiff had no basis for federal jurisdiction. Therefore, we reject plaintiff's argument that defendant acquiesced to the multiple refilings of this case.

¶ 22                                   III. CONCLUSION
¶ 23     For the reasons stated, the judgment of the circuit court of Du Page County is affirmed.

¶ 24     Affirmed.