2025 IL App (2d) 230314-U
No. 2-23-0314
Order filed May 19, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 89-CF-617 |
| JOHN LISA MARKIEWICZ, | ) ) ) | Honorable Marmarie J. Kostelny, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the judgment of the court.
Justices Birkett and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the circuit court's third-stage postconviction order as petitioner received a reasonable level of assistance from postconviction counsel. Affirmed.

¶ 2    In 1991 a jury found petitioner, John Lisa Markiewicz, guilty of the first degree murder (Ill. Rev. Stat. 1987, ch. 38, ¶ 9-1)) of Debra Shelton. On direct appeal we affirmed petitioner's conviction and remanded for a new sentencing hearing. *People v. Markiewicz*, 246 Ill. App. 3d 31 (1993). On remand the trial court sentenced petitioner to life imprisonment without parole, and we affirmed. *People v. Markiewicz*, No. 2-06-1086 (2009) (unpublished order under Illinois Supreme Court Rule 23). Petitioner filed a *pro se* postconviction petition, raising numerous allegations of

ineffective assistance of trial counsel. The circuit court denied the petition following a third-stage evidentiary hearing, where petitioner was represented by court-appointed counsel. Petitioner appeals the court's denial of his postconviction petition, arguing that postconviction counsel failed to provide a reasonable level of assistance during third-stage proceedings. For the following reasons, we affirm

¶ 3                                     I. BACKGROUND

¶ 4      We set forth the background of this case extensively in petitioner's direct appeal. See *Markiewicz*, 246 Ill. App. 3d 31. We recite only those facts necessary to our resolution of the instant appeal.

¶ 5      At trial Paul Schmitz[1] and Ray Katzensky[2] testified that in March 1988 they accompanied petitioner to collect a drug debt from Frank Mahlendorf, Debra Shelton's boyfriend. When Mahlendorf told petitioner he did not have the money, petitioner beat him, tied his hands to his feet and threw him into the trunk of Katzensky's vehicle. Schmitz, Shelton, and petitioner drove Katzensky's automobile to Wisconsin. They dropped Shelton off on a gravel road and proceeded to Devil's Lake. Petitioner took Mahlendorf out of the trunk, dragged him into a culvert, and fatally shot him.

¶ 6      Schmitz and Katzensky testified that petitioner told them he intended to kill Shelton to prevent her from revealing her knowledge of Mahlendorf's murder. A farewell party was held for

___

[1] Paul Schmitz testified for the State in exchange for immunity from prosecution for his involvement in Shelton's murder and its concealment.

[2] Ray Katzensky testified for the State in exchange for immunity from prosecution for his involvement in the kidnapping and aggravated battery of Frank Mahlendorf and Shelton's murder and its concealment.

Shelton one week after petitioner murdered Mahlendorf. Shelton was moving to Tennessee the following day to live with her father. Petitioner told Schmitz that he had laced Shelton's champagne with LSD, which she drank, and that he was "planning on O.D.'ing" her. Later that evening, petitioner filled three syringes with cocaine and injected the cocaine into Shelton's arm. After a time, petitioner told Schmitz that Shelton was having a seizure. Shelton shook, groaned, and urinated on herself. Shelton shook so severely that Schmitz had to hold her down as petitioner sat on her chest to try to inject her arm with another syringe filled with cocaine. After multiple failed attempts, petitioner injected Shelton's leg with cocaine. Schmitz went outside for a while and when he returned, Shelton was dead. Schmitz then wrapped Shelton's corpse in a blanket and locked it in a room.

¶ 7     Three days later, petitioner, Schmitz, and Katzensky placed Shelton's body into a 55-gallon drum. Petitioner and Katzensky rolled the drum into the Fox River. Approximately one month later, petitioner told Katzensky that they were going to have to bury the drum. Petitioner and Katzensky rented a boat and recovered the drum from the river. They towed the drum to the bank and covered the drum in a hole they dug. Katzensky returned the next day with concrete and finished burying the drum. Approximately one year later, Katzensky led the police to the buried drum containing Shelton's body.

¶ 8     An autopsy performed by Dr. Lawrence Blum and a toxicological analysis revealed a small amount of cocaine and a larger amount of benzoylecgonine, the chemical breakdown product of cocaine, in Shelton's body. There were no signs of blunt trauma, stab wounds, gunshot wounds, disease, or heart problems. Blum found the fact that traces of cocaine remained in Shelton's body significant because the drug breaks down easily in the body. Based on this, Blum opined that Shelton died of an acute cocaine overdose.

¶ 9    The jury found petitioner guilty of the first degree murder of Debra Shelton. Petitioner was found to be eligible for the death penalty, but the jury found the existence of mitigating factors sufficient to preclude a death sentence. The trial court sentenced petitioner to a term of natural-life imprisonment without the possibility of parole.

¶ 10    On direct appeal, petitioner argued, *inter alia*, that the trial court erred when it denied his request to appoint a forensic pathologist, and that trial counsel was ineffective when counsel failed to retain a forensic pathologist. We affirmed petitioner's conviction and remanded the case for a new sentencing hearing. *Markiewicz*, 246 Ill. App. 3d 31 (1993).

¶ 11    In April 1994, prior to resentencing, petitioner filed a *pro se* postconviction petition. In January 1998 petitioner, through court-appointed counsel, filed an amended postconviction petition. The trial court summarily dismissed both the *pro se* petition and the amended petition. Petitioner appealed. We vacated the trial court's dismissal and remanded the cause for a hearing on the petition in accordance with section 122-6 of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-6 (West 1998)). *People v. Markiewicz*, No. 2-98-0308 (2000) (unpublished order under Illinois Supreme Court Rule 23).

¶ 12    In December 1997, after a new sentencing hearing, the trial court again sentenced petitioner to natural life in prison. We affirmed the trial court's sentencing order. *People v. Markiewicz*, No. 2-06-1086 (2009) (unpublished order under Illinois Supreme Court Rule 23).

¶ 13    In April 2010, petitioner's court-appointed counsel sought leave to file a second-amended postconviction petition. The trial court granted leave and in June 2012, postconviction counsel filed a second amended postconviction petition. The trial court granted the State's motion to dismiss the petition in June 2016.

¶ 14    On appeal, we reversed the trial court's dismissal of the claims that petitioner raised in his

first-amended petition and affirmed the dismissal of all other claims raised in the second-amended petition. *People v. Markiewicz*, 2019 IL App (2d) 160673-U, ¶ 44. We remanded with directions to the trial court to hold a third-stage evidentiary hearing on the claims contained in the first-amended petition. *Id.*

¶ 15    We identified those claims as follows: (1) the trial court denied petitioner his right to a public trial by excluding his mother from the courtroom during jury selection; (2) the court denied him due process by refusing his request for a bill of particulars and refusing to dismiss the indictment after the State told the court that it was unable to provide a bill of particulars; (3) his trial attorneys were ineffective for insufficiently presenting a motion filed by his original attorney to quash grand jury subpoenas and suppress telephone records obtained through the subpoenas; (4) his attorneys were ineffective for not properly impeaching Alvin Ray Smith (a fellow jail inmate who testified to incriminating statements that defendant allegedly made) or moving to suppress his testimony; (5) his attorneys were ineffective for failing to call any of 10 allegedly favorable witnesses at trial; (6) his attorneys were ineffective for failing to call a toxicologist to interpret the toxicology results; (7) appellate counsel was ineffective for failing to raise the denial of a bill of particulars; (8) the trial court denied defendant a fair sentencing hearing by refusing to appoint a mitigation expert; (9) the court improperly cut short defendant's statement in allocution; and (10) the evidence did not prove defendant guilty beyond a reasonable doubt.

¶ 16    On July 17, 2023, the third-stage evidentiary hearing began. Postconviction counsel called no witnesses but asked the court to admit 87 documents in support of petitioner's claims. After argument, the trial court denied the petition.

¶ 17    Defendant timely appealed.

¶ 18                                      II. ANALYSIS

¶ 19    On appeal, petitioner argues that postconviction counsel provided an unreasonable level of assistance by failing to present evidence at his third-stage evidentiary hearing to support the claims in his amended petition. He urges us to remand his case for a new third-stage evidentiary hearing with a different attorney.

¶ 20    The Act provides a three-stage process for a defendant to allege his conviction resulted from a substantial denial of his constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 1998); *People v. Huff*, 2024 IL 128492, ¶ 19. At the first stage, the court independently assesses the petition and determines whether it is frivolous or patently without merit. *Huff*, 2024 IL 128492, ¶ 19; see also 725 ILCS 5/122-2.1 (West 1998). If not, the court advances it to the second stage. *Huff*, 2024 IL 128492, ¶ 19. At the second stage, the State may move to dismiss the petition, and the court determines whether the petition and accompanying documentation make a substantial showing of a constitutional violation. *People v. Roland*, 2023 IL 128366, ¶ 25. If the court determines that the defendant has made the requisite substantial showing, the matter advances to a third-stage evidentiary hearing, where the court determines, based on the evidence presented, whether the defendant is entitled to relief. *People v. Harris*, 2025 IL 130351, ¶ 39.

¶ 21    There is no constitutional right to counsel in proceedings under the Act. *People v. Urzua*, 2023 IL 127789, ¶ 51. However, the Act provides for the appointment of counsel to an indigent petitioner whose petition survives the first stage. 725 ILCS 5/122-4 (West 1998). Petitioners are entitled only to a "reasonable level" of assistance in proceedings under the Act. *Urzua*, 2023 IL 127789, ¶ 51.

¶ 22    At the second stage, counsel's duties are set out by Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), which provides that counsel must consult with the petitioner to ascertain his contentions, review the record, and make any amendments to the petitioner's *pro se* petition that

are necessary to adequately present his contentions. *Urzua*, 2023 IL 127789, ¶ 54. If counsel certifies compliance with those duties, there is a rebuttable presumption that counsel provided reasonable assistance. *Id.*

¶ 23    At the third stage, however, Rule 651(c) does not govern and the standard is "general reasonableness." (Internal quotation marks omitted.) *People v. Pabello*, 2019 IL App (2d) 170867, ¶ 29. The general reasonableness standard does not require that a petitioner receive the level of assistance mandated by *Strickland v. Washington*, 466 U.S. 668 (1984), but *Strickland* provides "an essential standard for comparison" when evaluating counsel's level of performance at the third stage. *Pabello*, 2019 IL App (2d) 170867, ¶ 36. Therefore, if postconviction counsel's assistance cannot be deemed ineffective under *Strickland*, it cannot be deemed unreasonable under the Act. *Id*.

¶ 24    Petitioner's argument (postconviction counsel provided unreasonable assistance at the third-stage hearing) was not addressed by the trial court, and therefore, it made no findings or determinations regarding this issue. Our review is therefore *de novo.* See *People v. Coons*, 2024 IL App (4th) 230552, ¶ 33-34 (reviewing *de novo* a claim of unreasonable assistance of counsel at the third stage as the issue was not addressed below).

¶ 25    Under *Strickland*, the defendant must demonstrate that counsel's performance was deficient, and that the deficiency caused prejudice. *Strickland*, 466 U.S. at 687. Specifically, a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694; *People v. Torres*, 2024 IL 129289, ¶ 27. Although a defendant must satisfy both prongs, a court may dispose of an ineffectiveness claim on a lack of prejudice. *People v. Edwards*, 195 Ill. 2d 142, 163 (2001).

¶ 26    Here, petitioner raised 10 issues in his amended postconviction petition, but he has abandoned most of those claims. On appeal, petitioner focuses on only two claims. He maintains that postconviction counsel was ineffective by failing to present evidence at the hearing to support his claims that (1) his trial attorneys were ineffective for failing to call a toxicologist to refute Dr. Blum's testimony that the Shelton died of a cocaine overdose, and (2) the trial court denied him his right to a public trial by excluding his mother from the courtroom during jury selection. By focusing his appeal on only two claims, petitioner has abandoned the remaining claims in his postconviction petition, forfeiting them for review. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *People v. Guest*, 166 Ill. 2d 381, 414 (1995).

¶ 27    Illinois Supreme Court Rule 341(h)(7) provides that a party must present argument in support of all points raised; points not argued in an opening brief are forfeited and shall not be raised in the reply brief, in oral argument, or in a petition for a rehearing. "Both argument and citation to relevant authority are required. An issue that is merely listed or included in a vague allegation of error is not 'argued' and will not satisfy the requirements of the rule." *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). Thus, a party forfeits a point when he or she fails to present a well-developed and well-reasoned argument to support it. *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009). Petitioner's failure to present any argument regarding the remaining eight claims renders them forfeited. We are "entitled to have issues clearly defined with pertinent authority cited and coherent arguments presented; any arguments inadequately presented are forfeited." *People v. Hui*, 2022 IL App (2d) 190846, ¶ 52.

¶ 28    Further, regarding the remaining two claims, petitioner fails to establish, let alone argue, that the alleged deficiencies caused prejudice. Points not raised in an appellant's brief are forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *People v. Griffin*, 2024 IL 128587, ¶ 70. Having forfeited

any argument concerning *Strickland's* prejudice prong, petitioner's ineffective assistance of postconviction counsel claims fail. See *Griffin*, 2024 IL 128587, ¶ 70

¶ 29     Regardless of forfeiture, petitioner cannot establish prejudice from postconviction counsel's failure to call witnesses to support his claim that the trial court denied him his right to a public trial when it excluded his mother from the courtroom during jury selection.

¶ 30     A criminal defendant is guaranteed a right to a "speedy and public trial." U.S. Const., amend. VI. "Trial courts are obligated to take every reasonable measure to accommodate public attendance at criminal trials." *Presley v. Georgia*, 558 U.S. 209, 215 (2010). This right to a public trial extends to jury selection. *People v. Radford*, 2020 IL 123975, ¶ 25.

¶ 31     The doctrine of invited error prohibits a party from requesting to proceed in one manner and then arguing on appeal that the requested action was error. *In re Detention of Swope*, 213 Ill. 2d 210, 217 (2004); *Pellico v. Mork*, 2018 IL App (2d) 170468, ¶ 20. The rationale for the doctrine is that it would be manifestly unfair to grant a party relief based on an error that the party introduced into the proceedings. *Gaffney v. Board of Trustees of the Orland Fire Protection District*, 2012 IL 110012, ¶ 33; *Pellico*, 2018 IL App (2d) 170468, ¶ 20.

¶ 32     Here, regardless of forfeiture, we determine that petitioner has raised an error that he invited. The record shows that petitioner filed a "Motion for Individual *Voir Dire* and Sequestration of Jurors During *Voir Dire*," wherein he requested the court to order individual *voir dire* with each prospective juror to be examine separately and privately. The trial court granted petitioner's motion. Having asked the trial court for individual, private and sequestered *voir dire*, he may not now complain that the trial court erred by excluding his mother during *voir dire*. See *People v. Kane*, 2013 IL App (2d) 110594, ¶ 19 (applying invited error doctrine to postconviction appeal).

¶ 33    Next, regardless of forfeiture, we determine that petitioner cannot establish prejudice resulting from trial counsel's failure to secure a replacement for Dr. Steven Karch, a toxicologist who could not testify at the hearing due to illness. Karch opined in his affidavit that "the toxicology and autopsy findings were *insufficient* to establish cocaine as a cause of death." (Emphasis added.) Petitioner cannot demonstrate that there is a reasonable probability that the result of the evidentiary hearing would have been different had Karch, or a replacement, testified. At trial, Katzensky and Schmitz provided compelling and convincing testimony that petitioner caused Shelton's death. They testified as to petitioner's motive, method, and manner. Any intimation that the outcome would have been different had a toxicologist testified that "the toxicology and autopsy findings were insufficient to establish cocaine as a cause of death" is speculation that is insufficient to establish prejudice under *Strickland. People v. Bew*, 228 Ill .2d 122, 135 (2008) ("*Strickland* requires actual prejudice be shown, not mere speculation as to prejudice"). Therefore, although petitioner forfeited the issue, it is clear from the record that he was not prejudiced by postconviction counsel's failure to present the testimony of a replacement toxicologist. Given this determination, we do not need to consider petitioner's claim that the trial court erred in denying his request for a continuance to replace Dr. Karch at the third-stage hearing.

¶ 34                                    III. CONCLUSION

¶ 35    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 36    Affirmed.