(No. 80700.—

BARBARA TIMBERLAKE, Appellant, v. ILLINI HOSPITAL, an Illinois Not-For-Profit Corporation, Appellee.

*Opinion filed January 30, 1997.*

Richard J. Trinrud and Jeffrey C. McDaniel, of Anderson & Nelson, of Rock Island, for appellant.

Douglas G. Olson, of McGehee, Boling, Whitmire, Olson & Pepping, Ltd., of Silvis, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The issue before this court is whether section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1994)) permits plaintiff to refile her state law claims in state court within the applicable limitations period after she has already taken a voluntary dismissal without prejudice pursuant to section 2—1009 of the Code of Civil Procedure (735 ILCS 5/2—1009 (West 1994)) and made an unsuccessful attempt to pursue her claims in federal district court, which declined to exercise supplemental jurisdiction. The circuit court held that section 13—217 did not permit plaintiff to refile under these circumstances, and the appellate court affirmed (277 Ill. App. 3d 1041). We granted plaintiff's petition for leave to appeal. 155 Ill. 2d R. 315. For the reasons which follow, we affirm.

On October 20, 1992, plaintiff, Barbara Timberlake, filed a four-count complaint against her former employer, defendant, Illini Hospital, in the circuit court of Rock Island County. Count I alleged breach of contract, count II asserted a claim based on a theory of promissory estoppel, count III alleged retaliatory discharge in violation of Illinois law, and count IV asserted a separate retaliatory discharge claim for violation of the Employee Retirement Income Security Act (ERISA) (29

U.S.C. § 1001 *et seq.* (Supp. 1990)). On January 6, 1993, defendant filed a motion to dismiss this complaint asserting that state court jurisdiction was preempted by ERISA. On March 5, 1993, Timberlake voluntarily dismissed her complaint without prejudice pursuant to section 2—1009 of the Code of Civil Procedure (735 ILCS 5/2—1009 (West 1994)).

Plaintiff subsequently refiled her complaint in federal district court on March 31, 1993, asserting claims for retaliatory discharge in violation of ERISA, breach of contract, and promissory estoppel. The claims contained in this complaint arose out of the same set of facts and pleaded the same causes of action as plaintiff's first complaint filed in state court. Plaintiff's complaint invoked federal subject matter jurisdiction as to the ERISA claim, and federal supplemental jurisdiction (28 U.S.C. § 1367 (Supp. 1990)) as to the state common law claims.

Defendant filed a motion in the district court for summary judgment, contending that under the undisputed facts of this case, defendant committed no violation of ERISA. On August 18, 1994, the district court granted defendant's motion, reasoning that plaintiff did not qualify for protection under ERISA because she was not a participant in defendant's ERISA plan at the time defendant allegedly discriminated against her. The district court further held that because plaintiff's ERISA claim failed, it could not exercise supplemental jurisdiction over plaintiff's state common law claims concerning breach of contract and promissory estoppel. The district court concluded that it must remand these common law claims to state court for further action. Timberlake did not appeal the district court's order.

On December 29, 1994, Timberlake filed a notice of remand and motion to reinstate her original cause of action in the circuit court of Rock Island County. That

motion was denied on January 3, 1995. The circuit court found that it was without authority to vacate the earlier order of voluntary dismissal that plaintiff had asked the court to enter. Timberlake then refiled her cause of action in the circuit court on January 11, 1995, within the applicable statute of limitations. Timberlake also asked the circuit court to reconsider its order of January 3, 1995, denying her motion to reinstate her original cause of action.

On March 5, 1995, the circuit court denied Timberlake's motion for reconsideration. The court also dismissed Timberlake's current cause of action pending before the circuit court on the grounds that section 13—217 did not authorize her to renew her action in state court under the circumstances present here. The appellate court subsequently affirmed that judgment, holding that section 13—217 of the Code of Civil Procedure entitles a plaintiff to only one refiling after taking a voluntarily dismissal without prejudice even if the statute of limitations has not expired, and plaintiff here exhausted her one-time right to refile when she filed her complaint in federal district court. 277 Ill. App. 3d 1041. Because Timberlake's federal suit amounted to the single allowable refiling, the appellate court held that Timberlake was not permitted a second refiling in state court under section 13—217. We granted leave to appeal (155 Ill. 2d R. 315) and now affirm.

As both parties to this litigation acknowledge, the question of when a plaintiff can refile an action after taking a voluntary dismissal is controlled by section 13—217 of the Code of Civil Procedure. That statute is a saving provision which allows plaintiffs to refile a cause of action if its prior disposition was based on reasons outlined in the statute. Specifically, section 13—217 provides:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing

an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by the United States District Court for improper venue." 735 ILCS 5/13—217 (West 1994).

Section 13—217 provides plaintiffs with the absolute right to refile their complaint within one year or within the remaining period of limitations, whichever is greater. *Gendek v. Jehangir*, 119 Ill. 2d 338, 340 (1988). However, it was not intended to permit multiple refilings of the same action. This court has interpreted section 13—217 as permitting only one refiling even in a case where the applicable statute of limitations has not yet expired. *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 254 (1991).

In *Flesner*, plaintiffs initiated their lawsuit in United States District Court for the Central District of Illinois in May of 1981. The district court dismissed plaintiffs' cause of action for lack of subject matter jurisdiction in November of 1981. Plaintiffs refiled their action in state court in April of 1982 and later voluntarily dismissed their lawsuit.

Subsequently, plaintiffs refiled their suit for a second

time in state court within the applicable limitations period. Their suit was dismissed, but the circuit court granted plaintiffs' motion to reconsider and reinstated the lawsuit. This court reversed the reinstatement of plaintiffs' suit, reasoning that "section 13—217 expressly permits one, and only one, refiling of a claim even if the statute of limitations has not expired." *Flesner*, 145 Ill. 2d at 254. According to *Flesner*, after the United States district court dismissed plaintiff's suit for lack of jurisdiction, section 13—217 permitted only a single refiling.

As in *Flesner*, the refiling provisions specified in section 13—217 clearly apply in the case at bar. Section 13—217 specifically provides that after taking a voluntary dismissal, a plaintiff may commence a new action within one year or within the remaining period of limitation, whichever is greater. Accordingly, Timberlake was entitled to a single refiling of her claim after taking a voluntary dismissal of her original cause of action filed in the circuit court of Rock Island County. Timberlake exercised her one opportunity to refile when she filed her complaint in federal district court.

In an effort to avoid this conclusion, Timberlake argues that the federal district court's subsequent refusal to exercise supplemental jurisdiction over her state law claims here is distinguishable from the dismissal for lack of subject matter jurisdiction that was involved in *Flesner*. In support of her position, Timberlake cites *Fanaro v. First National Bank*, 160 Ill. App. 3d 1030 (1987), but that case predates our decision in *Flesner* and is based on the erroneous assumption that pendent jurisdiction, now part of what is known as supplemental jurisdiction (28 U.S.C. § 1367 (Supp. 1990)), is different from subject matter jurisdiction. In fact, supplemental jurisdiction is a form of subject matter jurisdiction. See *Myers v. County of Lake*, 30 F.3d 847, 850 (7th Cir. 1994); 28 U.S.C.A. § 1367, Practice Commen-

tary, at 829 (West 1993). Accordingly, a dismissal for lack of supplemental jurisdiction has no different effect on a plaintiff's right to refile under section 13—217 than does a dismissal for lack of subject matter jurisdiction generally. *Raper v. St. Mary's Hospital*, 181 Ill. App. 3d 379, 382 (1989).

The reasoning of *Fanaro* is flawed for another reason as well. *Fanaro* assumes that where a plaintiff has taken a voluntary dismissal in state court and then had her case dismissed by the federal court, the reason for the federal court's decision is relevant in assessing whether she should be permitted to refile her cause of action yet again under section 13—217. This is incorrect. Under the statute, the reason a cause of action was originally dismissed is important in determining whether a plaintiff can subsequently refile, but after the case has been filed a second time, the reason for the second dismissal is of no consequence at all. No matter why the second dismissal took place, the statute does not give plaintiff the right to refile again. As this court expressly held in *Flesner*, 145 Ill. 2d 252, section 13—217 permits one, and only one, refiling of a claim.

For the foregoing reasons, the judgment of the appellate court is affirmed.

*Affirmed.*