2020 IL App (2d) 191024-U
No. 2-19-1024
Order filed December 1, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust III, | ) ) ) ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CH-1076 |
| THOMAS P. CAHILL, BRIDGETTE S. LEMME, UNITED STATES DEPARTMENT of HOUSING and URBAN DEVELOPMENT, UNKNOWN OWNERS, and NONRECORD CLAIMANTS, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | Honorable |
| (Thomas P. Cahill and Bridgette S. Lemme, Defendants-Appellants). | ) ) | Luis A. Berrones, Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Birkett and Justice McLaren concurred in the judgment.

**ORDER**

¶ 1    *Held*:    In a mortgage foreclosure proceeding, the trial court's vacatur of its prior dismissal of plaintiff's action for want of prosecution did not constitute a "refiling" of plaintiff's action under the single-refiling rule; also, the court's finding that

defendants were not entitled to a face-to-face meeting prior to the foreclosure action was proper because defendants failed to establish that the subject property was within 200 miles of one of plaintiff's offices.

¶ 2 Defendants, Thomas P. Cahill and Bridgette S. Lemme, appeal from a judgment of the circuit court of Lake County granting plaintiff, Wilmington Savings Fund Society, FSB, a judgment of foreclosure. Defendants contend that (1) the trial court violated the single-refiling rule when it vacated its prior dismissal of plaintiff's action for want of prosecution; and (2) the court misapplied federal regulations in finding that plaintiff was not required to conduct a face-to-face meeting with defendants. We reject both contentions and affirm.

¶ 3                                  I. BACKGROUND

¶ 4 The following facts are relevant to this appeal. On October 5, 2008, defendants executed a mortgage as security for a promissory note regarding property at 711 Eton Court in Libertyville. On March 21, 2012, defendants entered into a loan modification agreement (LMA) under the Home Affordable Modification Program. On September 1, 2012, defendants defaulted on the modified loan and mortgage.

¶ 5 On January 24, 2013, GMAC Mortgage (GMAC) filed a complaint to foreclose (No. 13-CH-304). Later, GMAC moved to voluntarily dismiss the case. On February 13, 2014, the trial court granted the motion to dismiss.

¶ 6 On June 10, 2015, Ocwen Loan Servicing, LLC, who had acquired the note and mortgage, filed a complaint to foreclose (No. 15-CH-1076). On January 26, 2018, plaintiff was substituted for Ocwen. Defendants raised several affirmative defenses, including that the foreclosure was barred by section 203.604 of the Code of Federal Regulations (24 C.F.R. § 203.604 (1996). Specifically, in their second and third affirmative defenses, defendants alleged that the foreclosure

was defeated because of the failure to conduct a face-to-face meeting as required by section 203.604(b) (24 C.F.R § 203.604(b) (1996)).

¶ 7    At the bench trial, plaintiff introduced evidence of the validity of the mortgage, the note, and the LMA, as well as evidence of defendants' default.

¶ 8    In defendants' case, Lemme testified that GMAC was the mortgage servicer when defendants defaulted. According to Lemme, no one conducted a face-to-face meeting with defendants before the foreclosure action was filed. When Lemme was asked if, in September 2012, there were any GMAC service centers suitable for a face-to-face meeting within 200 miles of the subject property, plaintiff objected to the question as leading. The trial court sustained the objection. When Lemme was asked whether there were any GMAC locations within 200 miles of the property, she answered that there were several, including one in Schaumburg. On cross-examination, Lemme elaborated that, because GMAC was the servicer when defendants defaulted in 2012, she drove around in 2013 looking for a local GMAC office. In doing so, she saw an office in Schaumburg that had a GMAC sign. She admitted that she never went inside because she had "no business to enter the office." When asked if she had any documentation showing that, in 2012, there was a GMAC office within 200 miles of the property, Lemme answered that her attorney had provided such documentation but that she could not elaborate. On redirect, Lemme testified that she had participated in preparing a document with a list of GMAC service centers within 200 miles of the property. No such document, however, was introduced.

¶ 9    The trial court found that plaintiff established the existence of a valid note and mortgage and that it was the current holder. The court further found: the LMA of March 21, 2012, brought the original loan balance current; the new loan term under the LMA was April 1, 2012, through

March 31, 2042; and defendants defaulted in September 2012. Thus, the court concluded that plaintiff established its case regarding the foreclosure and sale.

¶ 10    The court then addressed defendants' affirmative defense, under section 203.604, that plaintiff failed to have a face-to-face meeting with defendants before three months of overdue payments. The court found Lemme's testimony credible and uncontested and that defendants had established that there was a GMAC branch office within 200 miles of the property. Thus, plaintiff was presumptively required to have a face-to-face meeting with defendants. However, the court found that one of the exceptions to the face-to-face meeting requirement, specified in section 203.604(c)(4) (24 C.F.R. § 203.604(c)(4) (1996)), applied. Specifically, the court found that, because payments under the original loan were made current under the LMA, the exception in section 203.604(c)(4) applied and no face-to-face meeting was required. Thus, the court entered a judgment of foreclosure and sale.

¶ 11    On June 4, 2019, plaintiff purchased the property at a sheriff's sale. On June 13, 2019, plaintiff failed to appear at a scheduled progress call, and the trial court dismissed the case for want of prosecution. On June 25, 2019, plaintiff filed a motion to vacate the dismissal, explaining that its counsel had inadvertently failed to place the June 13 date on the firm's calendar. The court granted the motion and reinstated the case. The court later denied defendants' motion to reconsider. On October 24, 2019, the court entered an order approving the report of sale and distribution, confirming the sale and eviction, and finding a personal deficiency. Defendants, in turn, filed this timely appeal.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, defendants contend that (1) the trial court violated the single-refiling rule when it vacated its dismissal of plaintiff's action for want of prosecution, and (2) the court erred in

finding that plaintiff was not required to conduct a face-to-face meeting before filing for foreclosure even though defendants proved that the subject property was within 200 miles of a GMAC office. Plaintiff responds, among other things, that (1) the court did not violate the single-refiling rule, (2) defendants did not prove that there was a GMAC office within 200 miles of the property; and (3) even if defendants did so prove, they were not entitled to a face-to-face meeting.

¶ 14    Before we reach the merits of defendants' appellate contentions, we address plaintiff's motion to strike defendants' opening brief and dismiss this appeal. Plaintiff identifies several deficiencies in defendants' brief: defendants did not include citations to the two statutes involved in this appeal; the statement of facts contains multiple assertions without citation to the record and also fails to distinguish between the three plaintiffs; there are lengthy factual discussions regarding case No. 13-CH-304 not supported by the record on appeal; and the argument regarding section 203.604 consists of only two paragraphs and no citation to supporting legal authority.

¶ 15    This court is entitled to clearly defined issues, citations to pertinent authority, and cohesive arguments. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 10. This court is not a mere repository into which an appellant may dump the burden of argument and research. *Korzen*, 2013 IL App (1st) 130380, ¶ 10. The rules of procedure concerning briefs are rules, not mere suggestions, and it is within our discretion to strike a brief and dismiss the appeal for failure to comply with those rules. *Korzen*, 2013 IL App (1st) 130380, ¶ 10. However, defendants' opening brief is not so out of compliance with our supreme court rules as to warrant striking it and dismissing the appeal. Thus, we deny plaintiff's motion to strike and dismiss, but we admonish defendants' counsel to comply with all appellate rules in the future.

¶ 16    We turn to defendants' contention that the trial court violated the single-refilling rule. It is well-established that section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217

(West 2018)) provides a plaintiff with the absolute right to refile a complaint within one year, or within the remaining limitations period, whichever is greater. *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 163 (1997). Section 13-217 was not intended, however, to permit multiple refilings of the same action. *Timberlake*, 175 Ill. 2d at 163. The supreme court has interpreted section 13-217 as permitting only one refiling, even in a case where the applicable statute of limitations has not yet expired. *Timberlake*, 175 Ill. 2d at 163 (citing *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 254 (1991)).

¶ 17     Here, defendants argued in their appellee's brief that, when the trial court entered its order vacating its prior dismissal for want of prosecution, it effectively resulted in a refiling of the case. Defendants cited no authority for such an application of section 13-217 of the Code. Moreover, at oral argument defendants' counsel conceded that plaintiff had the better argument. We agree.

¶ 18     Here, plaintiff timely asked the trial court to vacate its order dismissing the case for want of prosecution. In granting plaintiff's motion, the court effectively reinstated the case and restored it to the *status quo ante*. See *People v. Coe*, 2018 IL App (4th) 170359, ¶ 54 (timely vacatur of dismissal for want of prosecution leaves the pleadings as if no dismissal order had been entered). Thus, plaintiff cannot be said to have refiled the action, and the single-refiling rule of section 13-217 of the Code was not violated.

¶ 19     We next address whether the trial court erred in finding that defendants were not entitled to a face-to-face meeting.

¶ 20     We begin by noting that the failure of a mortgagee to comply with the Department of Housing and Urban Development's servicing regulations can be raised by the mortgagor as an affirmative defense. *Bankers Life Co. v. Denton*, 120 Ill. App. 3d 576, 578-79 (1983). The burden of proving an affirmative defense is on the party asserting it. *Deutsche Bank National Trust Co. v*

*Gilbert*, 2012 IL App (2d) 120164, ¶ 16. Only if the party relying on an affirmative defense establishes a *prima facie* showing that the defense applies does the burden shift to the opponent to refute the defense. *Gilbert*, 2012 IL App (2d) 120164, ¶ 17.

¶ 21 When a party challenges the sufficiency of the evidence following a bench trial, the applicable standard of review is whether the judgment was against the manifest weight of the evidence. *Kroot v. Chan*, 2017 IL App (1st) 162315, ¶ 19. A judgment is against the manifest weight of the evidence only when an opposite conclusion is apparent or when findings appear to be unreasonable, arbitrary, or not based on the evidence. *Steiner Electric Co. v. Maniscalco*, 2016 IL App (1st) 132023, ¶ 49.

¶ 22 Section 203.604(b) provides, in pertinent part, that the mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly payments are unpaid. 24 C.F.R. § 203.604(b) (1996). Here, the absence of a face-to-face meeting would have, without more, precluded plaintiff's foreclosure action. See *Wells Fargo Bank, N.A. v. Favino*, No. 1:10 CV 571, 2011 WL 1256847, at *4 (N.D. Ohio 2011) (citing 24 C.F.R. § 203.604 (b)). However, section 203.604(c) provides that no such meeting is required if any of five exceptions apply. 24 C.F.R. § 203.604(c) (1996). Pertinent to this case, section 203.604(c)(2) states that no meeting is required if the property is not within 200 miles of the mortgagee, the servicer, or a branch office of either. 24 C.F.R. § 203.604(c)(2) (1996). Further, section 203.604(c)(2) requires that, at a minimum, the office must conduct "some business *related to mortgages*." (Emphasis in original.) *Stepp v. U.S. Bank Trust National Ass'n.*, 956 F. 3d 266, 267 (4th Cir. 2020).

¶ 23    Here, defendants undertook to prove, as part of their affirmative defense that a face-to-face meeting was required, that there was a GMAC office within 200 miles of the property.[1]  In that regard, Lemme testified that, in 2013, she drove by an office in Schaumburg that had a GMAC sign on the front.  However, she admitted that she never went inside or took any other steps to ascertain whether the office was operational or, more importantly, whether it conducted any mortgage-related business.  Although she testified that she participated in the preparation of a document showing that there was a GMAC office within 200 miles of the property, no such document was introduced.  Even if it had been, evidence that showed merely that there was a GMAC office within 200 miles would have been insufficient to prove that the office conducted mortgage-related business.  Although the trial court found Lemme credible, her testimony alone was simply insufficient to show that there was an operational GMAC office conducting mortgage-related business within 200 miles of the property.  Thus, the trial court's finding that there was a qualifying office within the meaning of section 203.604(c)(2) was against the manifest weight of

---

[1] We note that, because defendants have not disputed, in the trial court or on appeal, that they had the burden of proving that there was an office within 200 miles of the property, they have forfeited any issue in that regard. See *Rojas v. Martell*, 2020 IL App (2d) 190215, ¶ 28.  Forfeiture notwithstanding, several cases suggest that the mortgagor has the burden of proving that the 200-mile exception does not apply. *See, e.g. Stepp*, 956 F. 3d at 268-70 (affirming dismissal of mortgagor's complaint for failing to allege that a branch office qualified under section 203.604(c)(2)); *Favino*, No. 1:10 CV 571, 2011 WL 1256847, at *4 (granting summary judgment to mortgagee because mortgagor, in part, did not submit any evidence that the property was within 200 miles of the mortgagee, its servicer, or a branch of either).

the evidence. Because defendants failed to establish that there was such an office within 200 miles of the property, the court erred in ruling that a face-to-face meeting was required. Because we may affirm the judgment on that basis (see *Banco Popular North America v. Gizynski*, 2015 IL App (1st) 142871, ¶ 37), we need not decide whether the court erred in ruling that a separate exception, specified in section 203.604(c)(4), applied.

¶ 24                                    III. CONCLUSION

¶ 25    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 26    Affirmed.