2021 IL App (1st) 191980

FIFTH DIVISION
DECEMBER 23, 2021

1-19-1980

| | | |
|---|---|---|
| ANTHONY PHILLIPS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOANNE B. BRUZGUL, BRUZGUL & ASSOCIATES, LTD., | ) | No. 18-L-12456 |
| PAUL FRANCISZKOWICZ, DAVID MARTIN, KATRINA | ) | |
| PHILLIPS, WENDY CAPALLETTO, CHERYL D. CESARIO, | ) | |
| and BRIAN HOLMES, | ) | Honorable |
| | ) | Moira S. Johnson, |
| Defendants-Appellees, | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Presiding Justice Delort and Justice Connors concurred in the judgment and opinion.

**OPINION**

¶ 1    On June 25, 2014, the plaintiff-appellant, Anthony Phillips, filed his initial complaint in case No. 14-L-006759 against Joanne B. Bruzgul and Bruzgul & Associates, Ltd. (Bruzgul & Associates). Subsequently, Mr. Phillips voluntarily dismissed his complaint on May 14, 2015. On February 27, 2017, Mr. Phillips filed a first amended complaint in case No. 16-L-004893 against the defendants-appellees, attorney Bruzgul, Bruzgul & Associates, Paul Franciszkowicz, David Martin, Katrina Phillips, Wendy Capalletto, Cheryl D. Cesario, and Brian Holmes. The trial court dismissed the first amended complaint for want of prosecution on December 13, 2017. On November 15, 2018, Mr. Phillips filed the same complaint essentially labeling it as a second amended complaint in case No. 18-L-12456 against the same defendants. On June 11, 2019, the

trial court dismissed that complaint with prejudice. Mr. Phillips's motion to reconsider was denied, and he filed a timely notice of appeal on September 17, 2019. On appeal, Mr. Phillips argues, *pro se*, that the trial court erred by: (1) dismissing his second amended complaint in case No. 18-L-12456 with prejudice and (2) dismissing the complaint as to guardian *ad litem* (GAL) Franciszkowicz on the basis of absolute immunity for GALs. We affirm the judgment of the circuit court of Cook County.

¶ 2                                                    BACKGROUND

¶ 3       Around February 2011, Mr. Phillips filed for guardianship of his mother, Lorraine Phillips, since she was suffering from dementia. Attorney Bruzgul represented Mr. Phillips in the contested guardianship proceedings. Mr. Phillips' sister, Katrina Phillips (Katrina)[1], was also a party to the proceedings and was represented by attorney Martin. Judge Cesario presided over the guardianship proceedings. Judge Cesario appointed GAL Franciszkowicz to serve as the GAL for Mr. Phillips' mother, Lorraine Phillips.

¶ 4       A little over three years later, Mr. Phillips filed his initial complaint in case No. 14-L-006759 against attorney Bruzgul and Bruzgul & Associates. That initial complaint alleged that Mr. Holmes and Ms. Capalletto of the Office of the Public Guardian "fabricated a story to put [Mr. Phillips'] mother in an institution." Additionally, Mr. Phillips alleged that GAL Franciszkowicz, the GAL appointed for his mother, Lorraine Phillips, in the guardianship proceedings, "told [Mr. Phillips] that if he did [not] sign an agreed order to establish a guardianship with Associated Bank and Katina Phillips, that [Mr. Phillips'] mother would go into an institution." The complaint stated that attorney Bruzgul did not object but "rather, unduly influenced [Mr. Phillips] to agree to the

----

[1]The spelling of her name in the body of the complaints, "Katina," conflicts with the spelling in the caption of the complaints, "Katrina." For uniformity and clarity, we will refer to her using the spelling in the caption, "Katrina."

same and to stop the [guardianship] trial." The complaint alleged that, on June 27, 2012, Mr. Phillips represented to Judge Cesario, the judge presiding over his mother's guardianship proceedings, that he wanted attorney Nejla Lane to be the attorney for his mother's estate as she had been in the years preceding his mother's disability. In his complaint, Mr. Phillips asserted that GAL Franciszkowicz agreed with this request and Judge Cesario confirmed she would allow attorney Lane to remain as cocounsel for the estate. He claimed that, ultimately, Judge Cesario entered three orders: (1) one creating a plenary guardianship; (2) one appointing Mr. Phillips and his sister, Katrina, as coguardians of their mother and identifying a care plan; and (3) one requiring Mr. Phillips' mother's estate to find cocounsel for attorney Lane. According to Mr. Phillips, attorney Bruzgul subsequently filed a motion to reconsider because attorney Lane was later removed from representing Lorraine Phillips' estate by Judge Cesario, but attorney Bruzgul never sought appellate review. It is unclear from his initial complaint and the record whether he believed attorney Bruzgul should have appealed both the order appointing attorney Lane as cocounsel and the judge's denial of the motion to reconsider.

¶ 5    In his complaint in case No. 14-L-006759, Mr. Phillips asserted two causes of action against defendants attorney Bruzgul and Bruzgul & Associates: legal malpractice and breach of contract. The legal malpractice count alleged that attorney Bruzgul did not operate in a way that a reasonably competent attorney would have, specifically that she failed to: (1) appeal the removal of attorney Lane; (2) advise Mr. Phillips of his rights prior to entering into an agreed order on June 27, 2012, to establish a guardianship with Associated Bank and Katrina; (3) "structure the order such that the money owed to the Estate was to be paid to [Mr. Phillips] as a preference, with priority before all other claims"; (4) give Mr. Phillips "adequate notice of fee petitions in a timely manner pending by various attorneys"; (5) review the conflict of interest created by attorney

Martin representing two of the three coguardians for Lorraine Phillips' estate; and (6) inform Mr. Phillips of the option to file an emergency motion to stop the impending settlement of a lawsuit involving his mother's property. The breach of contract count contained the same allegations as the legal malpractice count.

¶ 6    On May 14, 2015, Mr. Phillips voluntarily dismissed his initial complaint in case No. 14-L-006759. On February 27, 2017, Mr. Phillips filed his first amended complaint[2] in case No. 16-L-004893 against attorney Bruzgul, Bruzgul & Associates, GAL Franciszkowicz, attorney Martin, Katrina, Ms. Capalletto, Judge Cesario, and Mr. Holmes. The first amended complaint in case No. 16-L-004893 alleged, as the initial complaint in case No. 14-L-006759 had alleged, that the agreement that included his sister as coguardian was improper; that the removal of attorney Lane was improper; and that the parties acted in concert to deprive Mr. Phillips of the ability to have a court reporter record the settlement discussions for the lawsuit involving a part of his mother's property. The first amended complaint in case No. 16-L-004893 also alleged that attorney Bruzgul failed to request a copy of the home inspection report completed by Mr. Holmes and Ms. Capalletto of the Office of the Public Guardian; did not review a retainer agreement with the successor attorneys to attorney Lane; and did not provide Mr. Phillips with a prior opportunity to review fee petitions by the other attorneys. Mr. Phillips filed six counts in the first amended complaint, namely: legal malpractice, breach of contract, denial of due process under section 1983 of the Civil Rights Act of 1964 (42 U.S.C. § 1983 (2012)), conspiracy to deny due process under section 1985 of the Civil Rights Act of 1964 (42 U.S.C. § 1985 (2012)), civil conspiracy, and negligent settlement. The legal malpractice count in the first amended complaint in case No. 16-L-004893

_____

[2]We note Mr. Phillips erroneously labeled his first amended complaint as "Second Amended Complaint." For the sake of clarity, we will refer to it as "first amended complaint."

essentially mirrored the legal malpractice count in the initial complaint in case No. 14-L-006759 but added that attorney Bruzgul "wrongfully insist[ed] and implor[ed]" Mr. Phillips to sign the agreed order, even though the negotiation was allegedly accomplished through "wrongful and illegal intimidation" by attorney Martin and GAL Franciszkowicz. Mr. Phillips claimed that the intimidation occurred when attorney Martin and GAL Franciszkowicz told him that his mother would be sent to an institution if he did not sign the agreement. The breach of contract count in the first amended complaint in case No. 16-L-004893 contained the same allegations as the initial complaint in case No. 14-L-006759 except it added that Mr. Phillips had paid attorney Bruzgul $20,000 over the course of her representation. The third count in the first amended complaint in case No. 16-L-004893 alleged that Ms. Capalletto and Mr. Holmes from the Office of the Public Guardian, GAL Franciszkowicz, and Judge Cesario all violated Mr. Phillips' due process rights by sealing the settlement proceedings and not allowing Mr. Phillips to have a court reporter present to record the settlement discussions. The fourth count stated the same allegations against the same defendants under a theory of civil conspiracy to deny Mr. Phillips due process of law. The fifth count alleged civil conspiracy by the defendants, based on the allegations in the third and fourth counts. The sixth count was brought only against attorney Bruzgul and Bruzgul & Associates and alleged that attorney Bruzgul and Bruzgul & Associates should have told Mr. Phillips that the agreed order improperly added his sister as coguardian, since his sister, via counsel, allegedly threatened to institutionalize his mother if he did not agree. Mr. Phillips alleged that those actions by attorney Bruzgul and Bruzgul & Associates also constituted a civil conspiracy.

¶ 7 Attorney Bruzgul and Bruzgul & Associates filed a motion to dismiss Mr. Phillips' complaint in case No. 16-L-004893, arguing that the proper venue for the cause of actions being brought by Mr. Phillips was in Lorraine Phillips' guardianship proceedings, which were ongoing.

On December 13, 2017, a hearing was held on the motion to dismiss, and the trial court dismissed the first amended complaint in case No. 16-L-004893 for want of prosecution. The trial court's ruling was based, in part, on Mr. Phillips' failure to provide the court with a courtesy copy of his motion to amend the complaint. The court stated Mr. Phillips was not making diligent efforts to comply with the court's rules, which included providing the court with requested documents. Mr. Phillips, who was proceeding *pro se*, asked the court whether it was dismissing his complaint with prejudice. In response, the court stated: "It's for want of prosecution. So you only get to refile once. You've done that." Mr. Phillips said he understood. No motion to reconsider or notice of appeal was filed based on that dismissal.

¶ 8     On November 15, 2018, Mr. Phillips filed a second amended complaint[3] in case No. 18-L-12456 against the same defendants named in the first amended complaint in case No. 16-L-004893. The allegations in this version of the complaint restated the allegations in the first amended complaint *verbatim*, except that paragraph 13 from the first amended complaint was divided into two paragraphs. Additionally, a cause of action for tortious interference with expectation of inheritance was added to the complaint. In that new count, Mr. Phillips alleged that the defendants, through their individual actions, collectively, tortiously interfered with his expectation of inheritance by committing the following acts: the removal of attorney Lane from representing Lorraine Phillips' estate; the addition of Mr. Phillips' sister as coguardian, the agreement to settle the lawsuit against a property in Lorraine Phillips' estate over Mr. Phillips' objection; and the creation of an allegedly false report that stated Lorraine Phillips' home was in bad condition. In response to this new complaint in case No. 18-L-12456, attorney Bruzgul and Bruzgul &

---

[3]We note Mr. Phillips erroneously labeled his second amended complaint as "Third Amended Complaint." For the sake of clarity, we will refer to it as "second amended complaint."

Associates filed a motion to dismiss on the basis that Mr. Phillips was barred from refiling a second amended complaint in case No. 18-L-12456. The motion cited section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 1994)) in support, arguing that after voluntarily dismissing one complaint and refiling his first amended complaint, Mr. Phillips was barred from filing another complaint regarding the same issues. GAL Franciszkowicz filed a separate motion to dismiss arguing that his actions as a GAL were immune from Mr. Phillips' lawsuit.

¶ 9    On June 11, 2019, the trial court held a hearing on the two motions to dismiss. On that same date, Mr. Phillips filed a motion to amend the complaint to add an additional party. After arguments, which mirrored the motions to dismiss and response to the motions, the trial court granted both motions to dismiss with prejudice. The trial court stated that the motion to dismiss by attorney Bruzgul and Bruzgul & Associates was granted with prejudice because Mr. Phillips' complaint "ha[d] been refiled a second time." The court went on to state regarding the case in general:

> "The facts and circumstances that were initially filed in the 14 L [006759] case are the same facts and circumstances that are filed in the 16 L [004893] case and the 18 L [ 12456] case. The 16 L [004893] case did add some additional defendants. It named David Martin, Katina Phillips, Wendy Cappelletto [*sic*], Cheryl Cesario[,] and Brian Holmes.
>
> After the 16 L 004893 case was dismissed with prejudice in 2017, Mr. Phillips chose to file an amended complaint naming those same parties. The facts and circumstances are the same facts and circumstances that were initially filed in 14 L 006759.
>
> The court will address defendant Franciszkowicz's GAL argument that any claim had they been properly brought would have been barred by immunity and find that that is

the correct understanding of the law.

In addition, the 615 would have been granted for tortious interference and, three, Mr. Phillips has no standing to bring any lawsuits on behalf of Lorraine Phillips. And those findings, because they were addressed by Mr. Franciszkowicz, are agreed to by this court.

However, the bottom line is this is the third filing of this case. This case is dismissed in its entirety with prejudice. There will be no 304a language because I am dismissing all of the claims with prejudice.

Mr. Phillips, at this time I am admonishing you that your rights to appeal are what you have and not a right to refile this claim."

¶ 10    The trial court denied Mr. Phillips' motion to amend the complaint to add an additional party. Mr. Phillips filed a motion to reconsider the dismissal, which was denied on September 17, 2019. Mr. Phillips filed his notice of appeal on September 30, 2019.

¶ 11                                    ANALYSIS

¶ 12    We note that we have jurisdiction to consider this matter, as Mr. Phillips filed a timely notice of appeal. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 13    Mr. Phillips asks this court to review whether the trial court erred in granting the motion to dismiss for refiling his case a second time after a dismissal for want of prosecution following a voluntary dismissal. Mr. Phillips argues that the trial court erred because it applied the wrong statute and asks this court to reverse the trial court's dismissal and remand the case for further proceedings.

¶ 14    A motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2018)) admits the legal sufficiency of the pleadings but asserts certain defects or defenses. *Duncan v. FedEx Office & Print Services, Inc.*, 2019 IL App (1st) 180857, ¶ 10. A review of a dismissal of a

cause of action pursuant to section 2-619 of the Code is *de novo*. *Watkins v. Ingalls Memorial Hospital*, 2018 IL App (1st) 163275, ¶ 30.

¶ 15     Section 13-217 of the Code (735 ILCS 5/13-217 (West 1994))[4] states:

>    "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue."

¶ 16     Section 13-217 of the Code permits a plaintiff an absolute right to refile their complaint within one year or within the statute of limitations, whichever is greater. *Timberlake v. Illini Hospital*, 175 Ill. 2d 159, 163 (1997). However, section 13-217 only allows *one* refiling and does

_____

[4]Public Act 89-7, which amended section 13-217 of the Code effective March 1995 (Pub. Act 89-7 (eff. Mar. 9, 1995)), was held to be unconstitutional in its entirety by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997). Accordingly, the effective version of section 13-217 of the Code is the version that was in effect prior to the March 1995 amendment. *Hudson v. City of Chicago*, 228 Ill. 2d 462, 469 n.1 (2008).

not allow multiple refilings of the same cause of action, even if the statute of limitations has not expired. *Timberlake*, 175 Ill. 2d at 163. Under the statute, "the reason for the second dismissal [of the complaint] is of no consequence at all" and does not permit a second refiling. *Timberlake*, 175 Ill. 2d at 165.

¶ 17    Here, Mr. Phillips concedes that he filed his initial complaint in case No. 14-L-006759 in June 2014 and voluntarily dismissed it about a year later. He further admits to refiling the complaint in case No. 16-L-004893, which was subsequently dismissed for want of prosecution. On appeal, Mr. Phillips argues that the refiling rule only applies to situations where a *trial court* dismissed the initial complaint and the first refiling and then a plaintiff seeks to refile for a second time. Mr. Phillips contends that his initial complaint in case No. 14-L-006759 was *voluntarily dismissed* and the second complaint or first amended complaint in case No. 16-L-004893 was *dismissed for want of prosecution*; therefore, the second refiling in case No. 18-L-12456 falls under a different section of the Code and should have been permitted. He tries to make a distinction between a complaint dismissed by the trial court and a voluntary dismissal. Mr. Phillips cites to two sections of the Code, sections 2-1009 (735 ILCS 5/2-1009 (West 2018)) and 13-217 (735 ILCS 5/13-217 (West 1994)). Section 2-1009 covers voluntary dismissal and stands for the proposition that a plaintiff, prior to trial or hearing, may "dismiss his or her action or any part thereof as to any defendant, without prejudice." 735 ILCS 5/2-1009(a) (West 2018). However, Mr. Phillips is conflating the issues and statutory support for his contention. It is of no moment whether the initial complaint was *dismissed voluntarily by Mr. Phillips* or *dismissed by the trial court*. In fact, courts of review have consistently held that a second refiling is impermissible regardless of whether the first or second complaint was *voluntarily dismissed*. See *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252 (1991) (the plaintiffs voluntarily dismissed their first refiling,

and the supreme court determined the second refiling was in violation of section 13-217); see also *Timberlake*, 175 Ill. 2d at 161-165 (the plaintiff voluntarily dismissed her initial complaint, and her second refiling was determined to be impermissible in violation of section 13-217); see also *Watkins*, 2018 IL App (1st) 163275, ¶¶ 1, 73 (the initial complaint was voluntarily dismissed, and this court found that the second refiling was not permitted under section 13-217). In the case before us, the only question is whether this was the second refiling of the *same cause of action*.

¶ 18     Turning to whether there was an impermissible second refiling of the 2014 complaint in the instant case, we look to see if the 2018 second amended complaint in case No. 18-L-12456 is the same cause of action as the initial complaint in case No. 14-L-006759. " 'Whether two complaints state the same claim does not depend on how the plaintiff labels the complaint.' " *Deutsche Bank Trust Co. Americas v. Sigler*, 2020 IL App (1st) 191006, ¶ 34 (quoting *First Midwest Bank v. Cobo*, 2018 IL 123038, ¶ 18). To determine whether two complaints assert the "same cause of action for purposes of the single-refiling rule, we apply the test for 'identity of cause of action' applicable to claims of *res judicata*—the 'transactional test.' " *Sigler*, 2020 IL App (1st) 191006, ¶ 34. "[S]eparate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998). The determination should be made " 'pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' " *River Park, Inc.*, 184 Ill. 2d at 312 (quoting Restatement (Second) of Judgments § 24, at 196 (1982)).

¶ 19     In Mr. Phillips' initial complaint in case No. 14-L-006759, all the counts arose out of the

handling of his mother's estate and guardianship proceedings. Mr. Phillips alleged that the defendants, specifically attorney Bruzgul and Bruzgul & Associates, made errors in their representation that improperly allowed: his sister to be added as a coguardian; attorney Lane to be removed; and the settlement of a lawsuit against his mother's estate to proceed without a court reporter and without objection to the settlement. After Mr. Phillips voluntarily dismissed the initial complaint in case No. 14-L-006759, he filed his first amended complaint in case No. 16-L-004893, which arose from the *same group of facts*, although he added four additional counts and several defendants. Specifically, the complaints all arose from the handling of his mother's estate. For example, the only difference between the initial complaint in case No. 14-L-006759 and the first amended complaint in case No. 16-L-004893 regarding attorney Bruzgul and Bruzgul & Associates is that in the later version of the complaint, Mr. Phillips alleged attorney Bruzgul and Bruzgul & Associates were part of a civil conspiracy with the other defendants. However, as stated, the theory of relief is not determinative of the identity of the complaint. Rather, it is the operative facts from which the complaint arose, that matters. Since the language of the second (No. 16-L-004893) and third (No. 18- L-12456) filings are the same with the exception of the additional count, we find those two filings arose out of the same operative facts as the initial complaint in case No. 14-L-006759. It is also irrelevant that Mr. Phillips later added additional defendants, as that addition had no impact on the operative facts from which the complaint arose.

¶ 20     It is clear that the second refiling in case No. 18-L-12456 in 2018 violated section 13-217 of the Code as to attorney Bruzgul and Bruzgul & Associates. The trial court correctly dismissed that action with prejudice. Thus, we must determine whether the trial court erred in dismissing the complaint with prejudice as to the other defendants. GAL Franciszkowicz argues that he is immune from a lawsuit for the actions taken while he was serving as a GAL for Lorraine Phillips. However,

he did not raise the issue of a second refiling as a basis for dismissing the second amended complaint. It appears that the trial court based the dismissal, at least in part, on the refiling rule. As such, we will review the record to see if the filing in case No. 18-L-12456 was a second refiling of the initial complaint in case No. 14-L-006759 as to *any* of the defendants. See *In re Marriage of Wendy S.*, 2020 IL App (1st) 191661, ¶ 21 n.10 (stating a court of review may affirm on any basis in the record regardless of whether the trial court relied on those grounds).

¶ 21     The principles of *res judicata*, on which the refiling rule is based, bar not only actions that were brought and decided by the trial court but also actions which *could* have been decided if brought originally. *Watkins*, 2018 IL App (1st) 163275, ¶ 71. Under the law of *res judicata*, "[t]he decision in the former suit estops the parties and all parties in privity with them from relitigating the issue in a subsequent proceeding." *People ex rel. Burris v. Progressive Land Developers, Inc.*, 151 Ill. 2d 285, 294-95 (1992). "Privity is said to exist between parties who adequately represent the same legal interests." (Internal quotation marks omitted.) *Burris*, 151 Ill. 2d at 296.

¶ 22     As noted, *all* of Mr. Phillips' complaints arose from the same operative facts surrounding his mother's estate. When Mr. Phillips filed his initial complaint, he was aware of the additional defendants and chose not to include them. We find it noteworthy that, in the initial complaint, case No. 14-L-006759, he explicitly identified each of the additional future defendants by name, although not naming them as defendants in that complaint. This further exemplifies his knowledge of their role in the alleged misconduct. If a plaintiff could avoid the refiling rule by simply changing the named defendants or add defendants *seriatim*, that would lead to lawsuits *ad infinitum*, which would undermine the very reason that the refiling rule exists in the first place. To further illustrate this point, we look to Mr. Phillips' own actions in 2019 in his oral response, after the court made its ruling on the motion to dismiss the second amended complaint, case No. 18-L-

1-19-1980

12456. There, Mr. Phillips sought to file a third amended complaint, adding yet another defendant. The trial court correctly denied his request.

¶ 23    Accordingly, we find that as to the other defendants, the second amended complaint, case No. 18-L-12456, was an impermissible second refiling of the original 2014 complaint, case No. 14-L-006759. Thus, the trial court did not err in granting the motions to dismiss and denying Mr. Phillips' motion to reconsider. As such, we need not address the arguments regarding whether a GAL is immune from lawsuits for actions he or she took while acting in the capacity of a GAL. We affirm the judgment of the trial court, dismissing Mr. Phillips' complaint in its entirety with prejudice.

¶ 24                                   CONCLUSION

¶ 25    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 26    Affirmed.

---

**No. 1-19-1980**

---

| | |
|---|---|
| **Cite as:** | *Phillips v. Bruzgul*, 2021 IL App (1st) 191980 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-L-12456; the Hon. Moira S. Johnson, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Anthony Phillips, of Chicago, appellant *pro se*. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Mark Szaflarski, of Mark Szaflarski, P.C., of Oak Park, for appellees Joanne Bruzgul and Bruzgul & Associates, Ltd. |
| | David E. Schroeder, Jeremy N. Boeder, and Michael J. Meyer, of Tribler Orpett & Meyer, P.C., of Chicago, for appellee Paul Franciszkowicz. |
| | No brief filed for other appellees. |