2024 IL App (1st) 231326

FOURTH DIVISION
Opinion filed: May 23, 2024

No. 1-23-1326

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| TAWANNA AND ANTHONY WARE, on behalf of themselves and all others similarly situated, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 21 CH 4264 |
| BEST BUY STORES, L.P. (d/b/a BEST BUY, GEEK SQUAD, and MAGNOLIA HOME THEATER), | ) ) ) | Honorable Joel Chupack, |
| Defendants-Appellees. | ) ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Justices Martin and Ocasio concurred in the judgment and opinion.

**OPINION**

¶ 1     Tawanna and Anthony Ware appeal the dismissal with prejudice of their third action against Best Buy Stores, L.P. ("Best Buy"), as barred by the single-refiling rule embodied in section 13-217 of the Code of Civil Procedure (Code) (735 ILCS 5/13-217 (West 2022)). The Wares contend that this latest action is not barred by section 13-217's single-refiling rule because it was preceded by two jurisdictional dismissals in federal court and because this is the first filing

outside of the statute of limitations. For the reasons which follow, we affirm the judgment of the circuit court dismissing the instant action.

¶ 2    In 2013, the Wares purchased a Samsung television from Best Buy in Chicago, Illinois. Along with the TV, the Wares also purchased a Geek Squad Protection Plan ("GSPP"). According to the Wares' complaint, the TV required multiple repairs during the next few years and ultimately became unrepairable due to a lack of replacement parts.

¶ 3    On June 8, 2017, the Wares filed their initial action against Best Buy by joining an ongoing class action suit in the United States District Court for Northern District of Florida, raising, among others, a claim under the Magnuson-Moss Warranty Act ("MMWA") (15 U.S.C. § 2301 *et seq.* (2012)) related to the GSPP. The Wares' claims in that action were dismissed for lack of personal jurisdiction. See *Howe v. Samsung Electronics America, Inc.*, 1:16-CV-386, 2018 WL 2212982, at *5 (N.D. Fla. Jan. 5, 2018). The Wares then refiled the action on February 2, 2018, in the United States District Court for the Northern District of Illinois, again alleging their claim under the MMWA. The district court dismissed the Wares' action for failure to state a claim. See *Ware v. Samsung Electronics America, Inc.*, 18-CV-886, 2019 WL 398845, at *1 (N.D. Ill. Jan. 31, 2019). On appeal, the United States Court of Appeals for the Seventh Circuit (Seventh Circuit) observed a potential jurisdiction defect and ordered jurisdictional briefing. See *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021). The Seventh Circuit ultimately concluded that the district court lacked subject-matter jurisdiction. *Id.* at 734. Accordingly, it vacated the district court's dismissal and remanded for the Wares' action against Best Buy to be dismissed for lack of jurisdiction. *Id.* The district court promptly complied, and the cause was dismissed on jurisdictional grounds.

¶ 4 The Wares then filed the present action in the circuit court of Cook County, again raising a claim against Best Buy under the MMWA and adding a new claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (815 ILCS 505/1 *et seq.* (West 2020)). Best Buy filed a combined motion to dismiss the complaint under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (2020)). For grounds pursuant to section 2-619 of the Code, Best Buy argued that, among other things, the Wares' claims are barred by the applicable statutes of limitations and the savings provision of section 13-217 of the Code was not applicable. The circuit court granted Best Buy's motion and dismissed the Wares' action with prejudice, finding that, regardless of whether their claims were time-barred, the action is barred by section 13-217's "single refiling" rule. This appeal follows.

¶ 5 "A section 2-619 motion provides for the involuntary dismissal of a cause of action based on certain defects or defenses." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 18. "In ruling on the motion, the circuit court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party." *Id.* (citing *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008)). "A section 2-619 motion to dismiss presents a question of law, which we review de novo." *Id.* (citing *In re Estate of Boyar*, 2013 IL 113655, ¶ 27).

¶ 6 The Wares assert that the circuit court erred in dismissing their complaint because section 13-217 should be construed liberally in a plaintiff's favor, the single-refiling rule has not been previously applied to this particular sequence of dismissals, and this is the first filing outside of the statute of limitations that invoked the protection of the saving provision of section 13-217 of the Code. However, despite their protestations to the contrary, the law on this issue is clearly

established, and existing precedent leads to the inescapable conclusion that the Wares' second refiling against Best Buy is statutorily barred.

¶ 7    Section 13-217 is a savings statute that allows plaintiffs to refile an action in certain situations. Specifically, the statute provides that:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, *or the action is dismissed by a United States District Court for lack of jurisdiction*, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence *a new action* within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, *or the action is dismissed by a United States District Court for lack of jurisdiction*, or the action is dismissed by a United States District Court for improper venue. No action which is voluntarily dismissed by the plaintiff or dismissed for want of prosecution by the court may be filed where the time for commencing the action has expired." (Emphases added). 735 ILCS 5/13-217 (West 2022).

¶ 8    There are two cases from the Supreme Court of Illinois interpreting section 13-217 that control the outcome of this appeal. The first is *Flesner v. Youngs Development Company*, 145 Ill. 2d 252 (1991), where the court was faced with the question of whether, after a dismissal for lack of jurisdiction and a voluntary dismissal, "plaintiffs are allowed more than one refiling of an action

if the refilings fall within the applicable statute of limitations." *Id.* at 253. The supreme court concluded that they were not and held that "section 13-217 expressly permits one, and only one, refiling of a claim even if the statute of limitations has not expired." *Id.* at 254.

¶ 9    Six years later, in *Timberlake v. Illini Hospital*, 175 Ill. 2d 159 (1997), the supreme court was called upon to apply *Flesner* to a different procedural history, this time involving a refiling after a voluntary dismissal and a subsequent dismissal by the federal court for lack of jurisdiction. *Id.* at 160. The supreme court held that, as in *Flesner*, the plaintiff's second refiling of the same action was barred by section 13-217. *Id.* at 164. Importantly for the present case, the court in *Timberlake* explained:

"Under the statute, the reason a cause of action was originally dismissed is important in determining whether a plaintiff can subsequently refile, but after the case has been filed a second time, the reason for the second dismissal is of no consequence at all. No matter why the second dismissal took place, the statute does not give plaintiff the right to refile again. As this court expressly held in *Flesner* [citation], section 13-217 permits one, and only one, refiling of a claim." *Id.* at 165.

¶ 10    Thus, because the Wares' initial action was "dismissed by a United States District Court for lack of jurisdiction" (see 735 ILCS 5/13-217 (West 2022)), thereby invoking the savings provision of section 13-217, and because the instant case is the second time that the Wares have refiled their claims against Best Buy, the present action is barred by the single-refiling rule of section 13-217. It does not matter why the first refiling was dismissed (see *id.*), nor does it matter whether the applicable statutes of limitations have expired (see *Flesner*, 145 Ill. 2d at 254). Section 13-217 plainly bars the second refiling of the Wares' action.

¶ 11 Despite the Wares' pleas, we are not at liberty to deviate from the supreme court's holdings in *Flesner* and *Timberlake*. Section 13-217's single-refiling rule applies to this case and bars the instant action against Best Buy as an unpermitted second refiling. Accordingly, we affirm the judgement of the circuit court circuit dismissing the Wares' action.

¶ 12 Affirmed.

***Ware v. Best Buy Stores LP* 2024 IL App (1st) 231326**

Appeal from the Circuit Court of Cook County, No 21 CH 4264
Honorable Joel Chupack, Law Judge, presiding.

Appellants:   PAUL S. ROTHSTEIN, P.A. Kyla V. Lemieux (Pro Hac Vice Pending)
              Mary A. McNulty (admitted pro hac vice)
              Lee S. Meyercord (admitted pro hac vice)
              626 NE 1st Street Gainesville, FL 32601
              Phone: 352-376-7650

Appellees:    Martin G. Durkin, Michael A. Grill
              HOLLAND & KNIGHT LLP
              150 N. Riverside Plaza, Ste. 2700 Chicago, IL 60606
              Phone: 312.578.6574 |